# D. McCREARY v. J. H. MARSTON.

56   403
87   556
56   403
98   202
56   403
118   287

FRAUD—PLEADING.—In an action of unlawful detainer, it is error to permit the defendant to prove that his signature to the lease was obtained by fraud or mistake, neither of which was set up in the answer.

LANDLORD AND TENANT.—A party who accepts a lease cannot lawfully refuse to surrender possession of the demised premises at the expiration of the term, on the ground that there was a prior agreement under which the lessee might have held if he had not taken a lease.

APPEAL from a judgment, and order denying a new trial, in the County Court of Solano County. GREGORY, J.

*George A. Lamont*, for Appellant.

*J. F. Wendell*, and *J. McKenna*, for Respondent.

SHARPSTEIN, J.:

This is an appeal from a judgment and order denying a motion for a new trial in an action of unlawful detainer.

The plaintiff claims that the premises in controversy were leased to the defendant on the 1st day of June, 1877, by one Pierce, the grantor of the plaintiff herein. Pierce conveyed to the plaintiff on the 10th day of January, 1878. This action was commenced on the 24th day of June, 1878. The complaint contains the usual allegations of complaints in actions of this character, for holding over after the expiration of the term for which the premises were leased. The answer denies the execution of the lease, or that the defendant occupied the premises under it. And further denies that the plaintiff is the successor in interest of the alleged original lessor. The alleged value of the rents and profits is also denied. And the capacity of the plaintiff to sue as the successor in interest of the original lessor is denied. These denials constitute the defenses set up by the defendant in his answer to the plaintiff's alleged cause of action. The plaintiff offered in evidence a lease corresponding to that described in his complaint, which was admitted by the Court; also a conveyance from Pierce to plaintiff, which was likewise admitted in evidence.

The defendant was permitted, against the plaintiff's objection,

to introduce in evidence an agreement between Pierce and the defendant, dated December 31st, 1875, by which Pierce agreed to convey said premises to the defendant upon certain specified conditions.    The ruling of the Court was excepted to, and the exception must be sustained.    The defendant was also permitted, against the plaintiff's objection, to introduce evidence tending to prove that the defendant's signature to the lease was obtained through fraud, or by mistake, neither of which is set up in the answer.    The exception of the plaintiff to this ruling must also be sustained.

There was evidence introduced which tended to prove that the lease from Pierce to defendant, although signed by the latter on the day it bears date, was not signed by the former until after he conveyed the premises to the plaintiff.    And the Court, among other things, instructed the jury that, if they found " from the evidence that Marston did not enter into possession under the paper called a lease, but being in possession was induced to accept a lease from Pierce through deception and imposition practiced upon him by the latter, such lease did not create the relation of landlord and tenant, and you must find for the defendant."

This instruction, which was excepted to by the plaintiff, is clearly erroneous.    It is not alleged in the answer that the defendant was induced to accept the lease through deception and imposition, and all the evidence which tended to prove that he was, was admitted against the plaintiff's objection.

Another instruction, which was excepted to by the plaintiff, reads as follows :

" While the relation of landlord and tenant, created by lease verbal or written, is not destroyed by an unexecuted agreement for the purchase of the land, yet after the expiration of the term of such lease, such agreement, either performed or offered to be performed in good faith, is a defense to an action brought for possession.    In other words, the lease, if there be a lease, governs during the term, but the subsequent rights and relations of the parties are controlled by the agreement, unless you find from the evidence it was the intention of the parties to annul the said agreement and substitute therefor the said so-called lease."

We do not understand the law to be, that a party who ac-

cepts a lease can lawfully refuse to surrender possession of -the demised premises at the expiration of the term on the ground that there was a prior agreement under which the lessee might have held if he had not taken a lease. The relation of landlord and tenant would not be terminated by reason of a prior agreement of that character. In the absence of any evidence to the contrary, the presumption would be, that all prior agreements were merged in the latest one.

Under the issues joined in this case, we think that the only question to be submitted to the jury was, whether the parties ever agreed to the lease; that is, whether the plaintiff gave and the defendant accepted a lease for one year.

Judgment and order denying the motion for a new trial reversed, and cause remanded for a new trial.

THORNTON, J., and MYRICK, J., concurred.