[No. 13962. Department Two. — January 31, 1891.]

JOHN H. NORDHOLT, APPELLANT, v. WILLIAM F. NORDHOLT, RESPONDENT, AND WILLIAM F. NORDHOLT, RESPONDENT, v. JOHN H. NORDHOLT, APPELLANT.

TRUST — DEED OF INFANT — DISAFFIRMANCE. — An infant cannot avoid or disaffirm a deed made by him in execution of a trust, which a court of equity would have compelled him to perform, notwithstanding his infancy.

ID. — CONSTRUCTIVE TRUST — FRAUD — PAROL EVIDENCE. — A constructive trust, arising from fraud, is not within the statute of frauds, and may be proved by parol evidence.

ID. — CONVEYANCE UNDER PAROL PROMISE TO RECONVEY — INTENTION TO DEFRAUD. — A constructive trust arises, and will be enforced in equity, where a minor procures land to be conveyed to himself by his mother under an express promise that he will reconvey it to his brother when arriving at age, with the intention not to perform the promise, and to claim and hold the property absolutely in his own right after arriving at age.

ID. — EXECUTION OF TRUST — DEED — DURESS — PLEADING. — If a trust is executed by a deed made in pursuance thereof, the execution of which is admitted, it cannot be proved that it was made under duress, unless the duress is specially pleaded as affirmative matter in avoidance of the deed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Gage & Roberts,* and *Brousseau, Hatch & Thomas,* for Appellant.

*Shinn & Ling,* and *Anderson, Fitzgerald & Anderson,* for Respondent.

VANCLIEF, C.— The issues in these two actions were the same, and the actions were consolidated and tried together by the lower court on the same evidence. The court found for respondent on all the issues, and rendered judgment accordingly. The appeals are from the final judgment, and from an order denying motion for new trial.

It appears by the pleadings that the parties are brothers, and that on November 17, 1886, their mother conveyed to the respondent, William, by deed absolute on its face, expressing a nominal consideration of one dollar, an undivided fourth part of certain real property situate in the city and county of Los Angeles; that appellant, John, claimed that this conveyance was in trust for him, and demanded of William a conveyance of the legal title; that on February 10, 1887, William, who was then a minor over the age of eighteen years, conveyed to John by a bargain and sale deed, expressing a nominal consideration of one dollar, the same undivided fourth of the property; that this conveyance was claimed by appellant, John, to have been made in execution of the alleged trust. The respondent denies the trust, and seeks to avoid his deed of February 10th to John, on the ground that at the time of its execution he was a minor of the age of only eighteen years.

If the respondent took and held the legal title in trust for appellant, he cannot disaffirm or avoid his deed in execution of that trust on the ground of his minority, since the execution of the trust was a duty which a court of equity would have compelled him to perform notwithstanding his infancy. (*Elliott* v. *Horn,* 10 Ala. 348; 44 Am. Dec. 488, and cases there cited; *Starr* v. *Wright,* 20

Ohio St. 97; *Prouty* v. *Edgar*, 6 Iowa, 353; Schouler on
Domestic Relations, sec. 416.)    Therefore the respond-
ent's right to disaffirm his conveyance of February 10th
depends upon the issue as to whether he held the legal
title in trust for the latter.    Upon this issue the lower
court found for the respondent, and the appellant con-
tends that this finding is not justified by the evidence.

There is nothing in the deed of the mother to respond-
ent to indicate that the conveyance was in trust; nor is
the alleged trust evidenced by any written instrument
subscribed by the respondent or his agent.    If the trust
exists, it arises from fraud, and is therefore a construc-
tive trust, not within the statute of frauds, which may
be proved by parol; and this is the theory on which the
case was tried.

The evidence tended to prove that the mother, at the
request of respondent, had been induced to convey the
property in question to her four children; viz., respond-
ent, appellant, and her two daughters,—one undivided
fourth to each; that William (respondent) had requested
her to convey to him John's fourth in trust for the latter,
on account of John's dissipated habits at that time, to
be reconveyed to John when he should become temper-
ate, or when William should become twenty-one years of
age; that at first the mother consented to this, and, in
the absence of John, William presented to her the draught
of a deed to this effect, and requested her to execute it;
that she refused to execute the deed as drawn, conveying
John's fourth to William in trust; but did then (Novem-
ber 8, 1886) execute a deed to William and her two
daughters, conveying to each one undivided fourth of
the property; that afterwards (November 17, 1886), re-
spondent again requested his mother to convey to him
the other fourth in trust for John, which she then did
without other consideration than the parol understand-
ing with respondent, and his express promise to her,
that he would reconvey that fourth to John as above

stated; that at the time of making this promise to hold in trust and to reconvey to John, respondent did not intend to perform his promise, but intended to claim and hold that fourth absolutely for himself, as he does in these actions; that upon John's claiming and demanding of him a conveyance of that fourth, he executed the deed of February 10, 1887, but with the secret intention of thereafter disaffirming it on the ground of his minority, as he is endeavoring to do in these actions.

These facts, if proved, constitute such fraud as would justify a court of equity in declaring the respondent a mere trustee of the legal title for the benefit of the appellant. (*Brison* v. *Brison*, 75 Cal. 525; 7 Am. St. Rep. 189; *Adams* v. *Lambard*, 80 Cal. 426; *Sandfoss* v. *Jones*, 35 Cal. 481.) And the evidence, positive and circumstantial, on the part of the appellant, seems *prima facie* sufficient to prove them. Indeed, they seem to be supported by a decided preponderance of evidence properly admitted.

But it was claimed by the respondent on the trial, without any foundation therefor in the pleadings, that his deed to appellant of February 10, 1887, was executed under duress *per minas*, which his testimony on the trial had some tendency to prove. This testimony of the respondent as to threats by John was objected to by counsel for appellant, on the ground that it was irrelevant to any issue made by the pleadings. The objection was overruled by the court, and counsel for appellant excepted. Thereupon respondent testified as follows: "Well, at that time John" thought he had a quarter-interest in this property, and he used to ask me for the property all the time. At that time he was drinking very heavily, and he told me several times if I did not give him up that property he would do me up, or something to that effect. I felt the influence of him, and I talked with Judge Ling about it, and he said if I gave him a deed I could dis-

affirm it after a while, and keep him quiet for the present. So with that I made a deed to him of one quarter-interest in the property. John would speak to me about the matter on an average every other day; he would say that he had an interest, a quarter-interest, in the property, and that he wanted it, — he wanted a deed to that property."

I think the court erred in overruling the objection to this testimony, to the possible, if not probable, prejudice of the appellant. The conveyance of February 10, 1887, under the circumstances of John's claim and demand, tended to justify an inference that the respondent then recognized the trust and his obligation to convey the property to John, which corroborates and strengthens the other evidence of the trust; but, if the conveyance was coerced by duress of any kind, no such inference could be drawn. Why, if respondent did not recognize the trust, did he execute the deed of February 10, 1887? This question, so pertinent under the circumstances, is answered by evidence of duress. But since the execution of the deed was expressly admitted by respondent's · pleadings, and the duress sought to be proved was affirmative matter in avoidance of the deed, it should have been specially pleaded; else no evidence to prove it should have been admitted against the objection of appellant. (*McCreary* v. *Marston*, 56 Cal. 403; *McCrery* v. *Duane*, 52 Cal. 262; *Miller* v. *Sharp*, 48 Cal. 394; *McComb* v. *Reed*, 28 Cal. 281; 87 Am. Dec. 115.)

The only matter pleaded in avoidance of the deed is the minority of the respondent, which, we have seen, is not available if the respondent held the property in trust as alleged, and as the evidence tends to prove.

For the error in admitting respondent's testimony as to duress, I think the judgment and order should be reversed, and the causes remanded for a new trial.

Belcher, C., concurred.

HAYNE, C., concurring. — I concur in the foregoing opinion, but go further. I think it would make no difference if the duress were pleaded in the fullest manner. The deed of the respondent can no more be avoided on the ground of duress than it can on the ground of minority. A court of equity will not lend its assistance to a man to set aside, on the ground of duress, an execution of a valid trust. That would be to assist a fraud.

This question fairly arises, and if it be not disposed of now, the case will probably come back again.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the causes remanded for a new trial.

Hearing in Bank denied.