[No. 1396.   Decided November 30, 1894.]

NATHANIEL B. DENNEY, Administrator, *Appellant, v.* HOLLON PARKER, *Respondent.*

EXECUTORS AND ADMINISTRATORS—POWER TO COMPROMISE SUIT —ATTORNEY AND CLIENT—RATIFICATION OF UNAUTHORIZED COMPROMISE.

Although a stipulation for the compromise of a suit may have been entered into by the attorneys for the respective parties without authority, yet it will be sufficient if it appears that their action was subsequently ratified by their clients.

The representative of a decedents' estate has power to compromise law suits involving realty belonging thereto, when the legal title is in the adverse party, without submitting the matter to the probate court for authorization and approval. (DUNBAR, C. J., and SCOTT, J., dissent.)

*Appeal from Superior Court, Walla Walla County.*

*B. L. & J. L. Sharpstein,* for appellant.

It is not competent for a personal representative to divest the title of his decedent to real estate except in the manner provided by law for the conveyance of the real estate of deceased persons. Particularly is this true if the consent of the probate court is not obtained. *Lucich v. Medin*, 3 Nev. 108 ; *Jones v. Lee*, 22 S. W. 1092. The power to compromise is limited to personal estate. *Wood v. Tunnicliff*, 74 N. Y. 43.

An attorney retained to prosecute a case has no implied authority to compromise it. *Hallack v. Loft*, 34 Pac. 568 ; Mechem, Agency, § 813; Weeks, Attorneys, § 219; 2 Freeman, Judgments (4th ed.) § 463 ; *Dickerson v. Hodges*, 10 Atl. 111 ; *Wadhams v. Gay*, 73 Ill. 415.

*Lester S. Wilson*, for respondent.

The case of *Parker v. Providence, etc., Steamship Co.*, 23 Atl. Rep. 102, and the authorities therein cited, fully cover the question of compromise of suits by executors, and the rights of the respective parties thereunder. The fact that the case at bar involves real estate puts it on no different footing than a case involving any other property of an estate, in this respect.

The opinion of the court was delivered by

Hoyt, J.—Plaintiff, as administrator of the estate of Timothy P. Denney, deceased, brought this action to recover the possession of certain real property therein described, on the ground that it was a part of said estate. The claim to possession grew out of the following state of facts : In the life time of said Timothy P. Denney he conveyed the property in question, with several other tracts, to the defendant. Thereafter an action was brought by said Denney to have it declared that the said defendant held these tracts of land in trust for him. The district court of the territory in which the action was commenced made a decree substantially as prayed for by the plaintiff, and as a part thereof directed that the defendant should within a time limited make a deed of the premises to the plaintiff. This deed was made by defendant, who at the time, by reservation and declaration, clearly showed that he only made it because of the requirements of the decree and not for the purpose of affecting the rights of the parties as determined upon appeal. An appeal to the supreme court of the territory was afterward taken,

where such proceedings were had that the judgment of the district court was affirmed. From the judgment of affirmance an appeal was taken to the supreme court of the United States.

During the pendency of the cause in the supreme court of the territory the plaintiff died, and his wife, Elizabeth Denney, as executrix of his last will, was substituted as plaintiff. In the supreme court of the United States a stipulation was entered into by the attorneys for the respective parties, in which it was agreed that the defendant should be entitled to the premises in controversy in this case, and should receive a deed therefor from the plaintiff; that the plaintiff should be entitled to the possession of the other tracts which were the subject matter of the proceedings in that cause, and should receive a deed therefor from the defendant; that the defendant should pay the plaintiff the sum of $2,000; that the respective parties should pay their own costs and that the appeal should be dismissed. That the terms of this stipulation were fully complied with, and, upon suggestion to that effect, an order made by the supreme court of the United States dismissing the appeal.

The defendant relies upon these proceedings to establish title in himself. He also relies upon the statute of limitations. The plaintiff contends that this stipulation, and the proceedings had in pursuance thereof, could not affect the title to the property in question. This contention is based upon three principal grounds; First, that it does not appear that the attorneys who signed the stipulation were authorized by their respective clients so to do; second, that under our statutes an executor or administrator of an estate has no authority to compromise a suit of any kind, excepting when authorized so to do by order of the probate court in which the administration of the estate is pending; and third, that even if it be conceded that such a compromise may be made in a suit in which the title to real property is not involved, it cannot be done when the effect of the compromise is to pass title to real estate.

As to the first proposition, it is sufficient to say that,

though it may not appear from the transcript that the attorneys who signed the stipulation had been authorized so to do, yet it does appear that their action in so doing was fully ratified by their respective clients.

As to the next proposition, it is contended that since our statutes as to the settlement of estates require that the action of its representative, in compromising claims in favor of or against the estate, be subject to the approval of the probate court, it should be held that his action in the conduct of suits for or against the estate should likewise be subject to its approval. There is much force in this contention, but it seems to us that there should be a distinction drawn between the compromise of claims out of court and the conduct of a litigated case in court. In the latter case the representative is often called upon to act at once and without any opportunity of consulting the probate court, and his action once taken and acted upon by the court in which the action is pending is generally beyond recall, should the probate court thereafter disapprove of the course taken. It must follow that from the very necessities of the case such representative has to act without consulting the probate court, and under such circumstances that his action will be final without its approval. And this being so as to his action in conducting a case, it should follow that if during its progress an opportunity to compromise is offered, the representative should have power to act in reference thereto without the control of the probate court. It may well happen in the conduct of a case that a favorable compromise will be offered to the representative of the estate, and that to give it the benefit of such compromise he must accept or reject it at once, and if he has not the power to act until he can confer with the probate court the opportunity to accept the advantageous compromise may be entirely lost. The interests of the estate are necessarily committed almost entirely to the administrator so far as they may be affected by issues joined in an action, and within those issues he should be given full power to adjust matters as between the estate and the other party to the action. By

his neglect of the interests of the estate in the prosecution or defense of the action its rights could be lost beyond the power of the probate court to save them, and if its rights can be affected by the negative action of the administrator in the conduct of the case, there is no reason why he should not have the right to affect them by his positive action as to the subject matter in litigation. Taking into consideration all of our statutes in reference to the settlement of estates, we feel compelled to hold that, in an action prosecuted or defended in good faith by a representative thereof he has power to adjust its rights with the contending party so far as they might be affected in the action if prosecuted to judgment.

And we can see no good reason for limiting such power to cases not involving title to real estate. If the power to compromise exists, it should only be limited by the issues made by the pleadings. In the case in which the stipulation in question was filed, the title to the land therein described was directly involved, and if it had been prosecuted to judgment might have resulted in the defeat of all claims thereto on the part of the estate. Such being the fact, it was within the authority of the representative to make the compromise provided for in the stipulation.

Besides, the effect of the stipulation was not to transfer the legal title of the property of the estate. At the beginning of the controversy the legal title was in the defendant, and it was still there at the date of the compromise, excepting so far as it was affected by the deed made by him in pursuance of the decree rendered by the district court. And it clearly appears from the record that such deed was not made for the purpose of affecting the title of the property, or the right of the court to fully adjudicate in reference thereto upon the appeal which was thereafter taken. Hence, for the purposes of the action which was pending in the Supreme Court of the United States at the time the stipulation was signed, this deed could have no force, and the cause should be treated as though the legal title yet remained in the defendant. It follows that in what was done in pursu-

ance of the stipulation, the legal title to certain pieces of property was acquired by the estate, and in consideration thereof its equitable title to certain other property was surrendered.

We have come to this conclusion without giving any force to the fact that this suit was pending before the death of Timothy P. Denney, and have treated it as though it were a suit commenced by the representative of his estate after his death.   But from the fact that it was commenced before his death, and that under our statute his representative took his place in the action after his death, it could well be argued that she so took it with the same powers to control its course and prosecute or compromise it as he would have had if he had lived.   If he had lived there would have been no doubt as to his power to compromise the matter with the defendant, and by reason of his death pending the action the rights of the parties should not be changed.

Much of the argument of the appellant has been founded upon the fact that since the will of Timothy P. Denney, which devised all of his property to his wife, who as executrix compromised the suit, made no reference to his children, or grandchildren, he died intestate as to them, and for that reason she could not convey the interests of the estate.   This proposition is no doubt true so far as anything she might do as devisee under the will, and in what we have said we have given no force whatever to her rights as such devisee, but have founded them entirely upon her authority as the representative of the estate.

The judgment of the superior court will be affirmed.

Stiles and Anders, JJ., concur.

Dunbar, C. J. (*dissenting*).—I am unable to agree with the majority opinion rendered in this case.   It is conceded that our statute as to settlement of estates requires that the action of its representative in compromising claims in favor of or against the estate must be subjected to approval of the probate court.   I know of no reason why the action of the representative of the estate in the conduct of suits for or

against the estate should not be likewise subject to the approval of the court. Nor can I see room for any distinction between the compromise of claims out of court and the compromise of a claim which has prior to the compromise been a case in court. It is true, as the majority say, that the administrator or representative is often called upon to act at once and without any opportunity of consulting the probate court, and it is also doubtless true that opportunities may be lost to benefit the estate by reason of delays which naturally accompany the approval of the probate court. But it does not follow that because of inconveniences, either imaginary or real, the safeguards which the law has thrown around the estates of deceased persons in the interests of minors should be entirely withdrawn. If this doctrine were carried to its logical result there would be no occasion for the interposition of the probate court at all, for the representative of the estate, acting with unlimited independence, could make such disposition of the estate as to his judgment seemed best.

It is also true that instances might arise whereby, through the neglect of the administrator, the estate might suffer in spite of the watchful care of the court; but because injury might happen to the estate in spite of this care is no reason why the care or guardianship of the court should be withdrawn altogether.

Neither does it make any difference in principle that this action had once been in court, for once we establish the rule that power to compromise the estate and deal with its property is conferred upon the representative, simply because a case involving the question of disposition of the estate has *been* in court, then it opens the doors to collusion between the administrator and outside parties desiring to purchase, and all that is necessary to perpetrate a fraud upon the estate is to go through the formality of instituting proceedings in the court for the disposition of the estate, then withdraw such proceedings and consummate any prior arrangement that has been made between the administrator or representative of the estate and the purchaser.

It has always been the policy of the law to submit the in-

terests of the estates of minor heirs to the vigilant scrutiny of a court. That, I think, is the expressed policy of our law, and I think courts should be exceedingly careful in removing any of the safeguards which the law has placed around these estates; and as I think the conclusion to which the majority has come results in removing a very great security, I am of the opinion that the judgment should be reversed.

SCOTT, J., concurs.