[L. A. No. 1726.    Department Two.—March 25, 1907.]

## H. CRABTREE, Appellant, v. Z. M. POTTER et al., Respondents.

CONSTRUCTIVE TRUST — DEED FROM PARENTS TO DAUGHTER — PROMISE WITHOUT INTENT TO PERFORM.—A deed made by parents to their daughter, in whom they reposed full confidence, solely upon the conditions and in consideration of her promises to pay the balance of a mortgage on the land conveyed, and that the grantors should have and retain the premises as their home as long as the mother lived, which latter promise was made by the grantee without any intention of performing it, is obtained by fraud, and under such circumstances the law raises a constructive trust in favor of the grantors.

ID.—PAROL EVIDENCE OF CONSTRUCTIVE TRUST.—Parol evidence is admissible to establish such a constructive trust. Section 852 of the Civil Code, declaring that a trust in lands can only be created by an instrument in writing, has no application to constructive trusts.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

M. C. Hester, for Appellant.

Bower & Hutchinson, for Respondents.

LORIGAN, J.—This is a controversy between daughter and parents over a couple of lots of land in Hazard's East Side Addition in Los Angeles.

The plaintiff filed an ordinary complaint in ejectment to recover possession of the land. Defendants, by answer, denied her ownership or right to its possession, and also filed a cross-complaint, the essential averments of which were: That defendants were husband and wife, and purchased the property in question in 1900 for four hundred dollars, taking title for the benefit of the marital community in the name of the wife; that on July 19, 1901, there was a mortgage debt upon the lots for one hundred and fifty dollars, being the balance of the purchase price; that defendants were at

that date old and infirm and financially poor, having no
property save these lots; and that it was difficult for them
to make enough money to support their family, and it was
a matter of struggle and self-denial for them to make pay-
ments on the mortgage; that plaintiff, their daughter, pro-
posed to them that if they would convey said property to her
she would pay the balance of said mortgage, and that defend-
ants should have and retain said premises as their home as
long as they lived; that feeling they would thus be relieved
from the burden of making payments on said mortgage, and
also be secured in a home for life, they consented to her
proposition; that they had confidence in her and trusted and
relied on her statements and promises, and so confiding and
trusting, and induced to do so solely by her promises, they,
on July 19, 1901, executed a deed conveying the property
to her; that said property was then worth eight hundred
dollars; that said statements of plaintiff were false and fraud-
ulent, and made by plaintiff to defendants with intent to
deceive and defraud them out of their property; that plaintiff
did not intend to perform the same, but intended when they
were made to deceive and defraud the defendants; that plain-
tiff has violated her trust and seeks to eject defendants from
the said premises.  The cross-complaint closes with a prayer
that the deed to plaintiff be set aside and annulled; that it
be decreed that plaintiff holds the property in trust for de-
fendants, and for general relief.

Plaintiff, by answer to the cross-complaint, practically de-
nied all the allegations therein except as to the execution
of the deed, and alleged that all the money that was paid
by defendants for said property was money she had loaned
her mother for that purpose.  She further alleged that about
July 19, 1901, her mother applied to her for a further loan
to make payment on said property, which she refused to let
her have; that her mother then offered to deed her the prop-
erty if she would pay off the balance of the mortgage and
release her from the loans theretofore made to her by plaintiff;
that plaintiff consenting to do so, defendants deeded her
the property and she released them from said loan and as-
sumed and paid off the mortgage.

Upon all the issues made by the cross-complaint and answer
thereto the court made findings in favor of defendants, and

a judgment and decree were entered to the effect that the title to the lots involved was vested in the plaintiff in trust for the defendant Anna L. Potter during her lifetime; that said Anna L. Potter owned an estate for life therein, and directed that plaintiff within thirty days, or on her default a commissioner designated in the decree for that purpose, should execute a deed conveying to said Anna L. Potter an estate for life in said premises.

Plaintiff moved for a new trial, which was denied, and this appeal is taken from the order denying said motion and from the judgment.

In examining the points urged by appellant in his brief, we do not understand that he makes any claim of error under his appeal from the judgment. His attack seems to be devoted exclusively against the findings, upon the ground that some of them are not supported by the evidence. It is true that he claims the court erred ''in adjudging that plaintiff have no relief by her action,'' and ''in decreeing that the title to said property is vested in plaintiff in trust for defendant Anna L. Potter, during her life, and that she owns a life estate in said property''; but after he states these points and proceeds to elaborate them his discussion is devoted entirely to an effort to show that the evidence in the case did not justify the findings made by the court; not that the findings did not support the judgment. If, however, appellant did intend, notwithstanding that his discussion would indicate differently, to attack the judgment upon the ground that it was not supported by the findings, we think it is without merit. The court specifically found all of the facts alleged in the cross-complaint as the defendants alleged them, and against the facts set up in the answer of plaintiff to it, except as to the payment by her of the mortgage. Among these were findings that defendants on the date of the conveyance to plaintiff were the owners of the lots in question; that they reposed full confidence in the plaintiff, their daughter; that the conveyance to her was made by them solely upon the conditions and in consideration of her promises and agreements with them to pay the balance of the mortgage on the property, and that defendants should have and retain said premises as their home as long as said Anna L. Potter lived; and that the latter promise was made by

plaintiff without any intention of performing it, and was fraudulent. These findings conclusively show that the conveyance of the property from defendants to plaintiff was obtained by fraud upon her part inducing it, and under such circumstances the law raises a constructive trust in favor of the defendants. Such a trust was decreed upon these findings, and there can be no question but that the decree is fully supported by them. This proposition is so firmly established that any discussion of it is unnecessary. It will be found fully considered in *Brison* v. *Brison*, 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689]; *Nordholt* v. *Nordholt*, 87 Cal. 552, [22 Am. St. Rep. 268, 26 Pac. 599]; *Hayes* v. *Gloucester*, 88 Cal. 560, [26 Pac. 367]; *Hayne* v. *Herman*, 97 Cal. 259, [32 Pac. 171]; *Jones* v. *Jones*, 140 Cal. 590, [74 Pac. 143]; *Becker* v. *Schwerdtle*, 141 Cal. 389, [74 Pac. 1029].) Upon the authority of these cases the findings fully warranted the decree made by the trial court in the case at bar.

On the point of insufficiency of evidence to sustain the findings it is enough to say that if there was not a decided preponderance of evidence in favor of every fact alleged by defendants and found by the court to be true, there was at least such a conflict in the evidence as precludes any disturbance of the findings by this court.

There was no error in admitting parol evidence to establish the trust as alleged in the complaint. What was sought to be established was a constructive trust, and the statutory provision (Civ. Code, sec. 852) declaring that a trust in lands can only be created by an instrument in writing has no application to constructive trusts. Such trusts are created by operation of law, and are expressly excepted from the code provision referred to requiring trusts in land to be created by written instrument, and may always be established by parol. This proposition is likewise clearly settled by the authorities above cited.

The judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.