[Civ. No. 900. First Appellate District.—February 8, 1912.]

## SAN FRANCISCO MERCANTILE UNION, a Corporation, Appellant, v. J. H. W. MULLER, Respondent.

PROMISSORY NOTE—CONSIDERATION—RELEASE OF MAKER AS SURETY ON CONTRACTOR'S BOND BY OWNER—LIENS—SUBSEQUENT SETTLEMENT.—Where the owner of a building released the defendant from liability on the contractor's bond in consideration of his note given at the time when there were mechanics' liens under the contract, aggregating nearly three times the amount of the note, it was supported by a sufficient consideration, which was not affected by the subsequent fact that a settlement effected by the owner of the building with the lien claimants enabled the owner to secure the completion of the building at the original contract price.

ID.—COMPROMISE OF DOUBTFUL CLAIM—SUFFICIENT CONSIDERATION.—The compromise of a doubtful claim is a valid consideration for a promise or a new contract; and where at the time of the giving of the promissory note sued upon, in consideration of a release of liability upon the bond, it was uncertain what the defendant's liability upon the bond might be, the note was given and received in compromise of a doubtful claim, and is supported by a sufficient consideration.

ID.—FINDING AGAINST CONSIDERATION OF NOTE UNSUPPORTED.—It is held that the finding of the court, that the defendant as maker of the note received no consideration therefor, is unsupported by the evidence.

ID.—CLAIM OF FRAUD IN NOTE—DEFENSE NOT PLEADED.—In order to support the claim that the note was procured by fraud, one relying thereon must specially plead the fraud, and it is a sufficient answer to such claim that no such defense was pleaded.

ID.—BOND NOT ORIGINALLY VOID—COMMON-LAW BOND.—The claim that the bond was originally void as one given under section 1203 of the Code of Civil Procedure is held not supported by the record, but that the bond is clearly a valid common-law bond given for the protection of the owner.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Maurice R. Carey, for Appellant.

William J. Herrin, for Respondent.

HALL, J.—This is an appeal by plaintiff from a judgment in favor of defendant.

Plaintiff sued on a promissory note executed by defendant to one Jacob Gorfinkel and by him assigned to plaintiff.

Defendant admitted the execution of the note, denied the assignment to plaintiff, and pleaded that there was no consideration for the note. The court found in favor of plaintiff as to the assignment, but found that defendant received no consideration for the execution and delivery of said note, and for that reason gave judgment for defendant.

It is insisted by appellant that the evidence does not support the finding that defendant received no consideration for the execution and delivery of the note, and this presents the only matter to be determined upon this appeal.

We think the contention of appellant must be sustained.

It is shown without dispute that one Lena Sander Hare let a contract to one Bell, whereby he agreed to erect a building for her for the sum of $5,450. This contract was dated October 29, 1908, on which day it was filed in the office of the county recorder.

The said Bell, as principal, and said defendant Muller and one Smith, as sureties, executed to said Lena Sander Hare a bond for the faithful performance of said contract, whereby they bound themselves unto Lena Sander Hare as owner and sole obligee in the sum of $1,350 that said Bell would construct and complete said building in accordance with the terms of said contract, and would deliver said building to said Lena Sander Hare free from all liens, claims or other encumbrances for which said Bell might be responsible. Bell commenced the construction of the building under the contract, but after receiving payments under his contract to the amount of $2,000 he abandoned the same. Lena Sander Hare, through her attorney Maurice Carey, immediately notified defendant of the abandonment of the contract by Bell, and Muller for a time considered the proposition of completing the building himself, but in the meantime mechanics' liens under the Hare-Bell contract, aggregating close to $1,700, were filed for record in the office of the county recorder. This fact was also communicated to Mr. Muller. Finally Mr. Carey, as the attorney for Mrs. Hare, sent Jacob Gorfinkel, who was connected with

the office of Mr. Carey, to effect a settlement with Mr. Muller of his liability upon the bond. Gorfinkel called upon Muller, informed him that the liens against the building amounted to $1,600 and some odd dollars, and that he and the other bondsman were "stuck" for it. Gorfinkel pressed for a settlement of the matter, and finally (and this is from Muller's own testimony) Muller said, "I will compromise with $600." Accordingly defendant gave to Gorfinkel the note in suit, and took from him the following:

"Fitchburg, Cal., June 10, '09.

"Received of J. H. W. Muller his promissory note for six hundred dollars in full payment and release of his obligation on that certain bond signed by him and Frank Smith jointly as surety for the performance of contract entered into between William Bell and Lena Sander Hare, building contract No. J 19250, filed October 29, 1908.

"MAURICE R. CAREY,

"Attorney for Lena Sander Hare,

"By JACOB GORFINKEL."

There being some doubt as to the authority of Gorfinkel, it was agreed that the settlement was to be subject to the approval of the real party in interest.

Subsequently she ratified the settlement as follows:

"San Francisco, Cal. August 18, 1909.

"Mr. Maurice Carey, City.

"Dear Sir:—You are hereby permitted to accept for me the note of J. H. W. Muller, as given to Jacob Gorfinkel on June 10, 1909, the same to be a full release of Mr. Muller's obligation to me on the bond for the construction of Bell-Hare contract; and if you see fit to take the same, in accordance with your wishes, I hereby sell, assign and transfer all my interest in said note to the San Francisco Mercantile Union, a corporation.

"Very truly yours,

"LENA SANDER HARE."

Mr. Muller was notified by Mr. Carey, as the attorney for Lena Sander Hare, of her ratification of the settlement.

Lena Sander Hare succeeded in letting another contract for the completion of the building for the sum of $2,950, which, added to the sum of $2,000 paid Bell, the original contractor,

made the sum of $4,950, which was $500 less than the original contract price. She also succeeded finally, but not until six months after the date of the note in suit, in effecting a compromise and settlement of the claims of lien filed under the Hare-Bell contract for $500.

It thus appears that the building finally cost her no more than the original contract price, and it seems to be for this reason that respondent claims that the note in suit was without consideration.

But the note was given in settlement of respondent's obligation upon the bond. As consideration for the execution of the note respondent was given a release of his obligation under the bond, and at the time of the giving of the note it was uncertain what respondent's liability upon the bond might be. The note was given and received in compromise of a doubtful claim. The compromise of a doubtful claim is a valid consideration for a promise or new contract. (*Witmer Bros.* v. *Weid,* 108 Cal. 569, [41 Pac. 491]; *Racouillat* v. *Sansevain,* 32 Cal. 376; *Swem* v. *Green,* 9 Colo. 358, [12 Pac. 202]; *Denney* v. *Parker,* 10 Wash. 218, [38 Pac. 1018]; *White* v. *Pacific States S. L. & B. Co.,* 21 Utah, 23, [59 Pac. 527]; *Schmidt* v. *Demple,* 7 Kan. App. 811, [52 Pac. 906].)

In the case at bar the settlement and compromise was effected at a time when respondent's liability under the bond was undetermined. The settlement was ratified by Lena Sander Hare, and she became bound thereby. (*Denney* v. *Parker,* 10 Wash. 218, [38 Pac. 1018].) The subsequent settlement of the claims of lien for a sum which enabled her to secure the completion of the building at a cost not exceeding the original contract price does not establish that there was no consideration for the note. (See cases above cited.)

Some suggestion is made in respondent's brief to the effect that the note was procured by fraud. It is sufficient to say that no such defense was pleaded. One relying upon the defense of fraud in the procurement of a contract must specially plead the fraud. (*Witmer Bros. Co.* v. *Weid,* 108 Cal. 569, [41 Pac. 491]; *California Steam Nav. Co.* v. *Wright,* 8 Cal. 585; *McCreary* v. *Marston,* 56 Cal. 403.)

Neither is there anything in the record to support the theory that the bond was originally absolutely void, as one given

under section 1203, Code of Civil Procedure. The bond is clearly a common-law bond given for the protection of the owner.

As the finding that the respondent received no consideration for the execution of the note is not supported by the evidence, the judgment must be reversed, and it is so ordered.

Kerrigan, J., and Lennon, P. J., concurred.