D. R. PERSONS, single, MARTHA A. GARVER, a Free Dealer, and O. A. PERSONS, *Appellants,* vs. KATIE E. PFLUM, joined by her husband, WILLIAM PFLUM, for conformity, *Appellees.*

135 So. 878.
Division A.
Opinion filed July 9, 1931.

*Dean C. Houk* and *J. Carl Lambdin,* for Appellants;
*Spear, Winey & Skelton* for Appellees.

BUFORD, C.J.—In this case appellees filed suit to cancel a deed from the appellant D. R. Persons to Martha A. Garver and another deed from Martha A. Garver conveying the same property back to D. R. Persons. The appellees claimed title to the land under a prior deed from D. R. Persons alleging that the title was held in D. R. Persons as Trustee for his father, O. A. Persons.

It was alleged in effect that the deed from D. R. Persons to Martha A. Garver was made for the sole purpose of attempting to repudiate the conveyance theretofore made to appellees; that Martha A. Garver acquired no interest in the land but was used as a mere conduit for the purpose of such repudiation and immediately reconveyed the title to D. R. Persons without any consideration having passed

from either party. It was alleged that the beneficial interest in the property belonged to O. A. Persons in that he purchased the same from a former grantor but had the conveyance made to his son so that the title thereto would stand in the name of the son and might not be reached by creditors of O. A. Persons.

The defendants in the court below, appellants here, first demurred to the bill of complaint. The demurrer was overruled. They then answered including counter claim and prayer for affirmative relief in the answer. The answers in effect denied that the property was held by D. R. Persons in trust for his father; alleged that D. R. Persons was a minor when the conveyance was made to the complainant Katie E. Pflum; that he had upon his majority conveyed the property to Martha A. Garver, his aunt, for the purpose of repudiating the conveyance to Pflum and for no other purpose; The answer alleged a failure of consideration for the conveyance to Pflum and prayed cancellation of the Pflum deed.

Testimony was taken and on final hearing the Chancellor entered a decree in favor of the complainant in the court below and granted the relief prayed in the bill of complaint, from which decree appeal was taken.

There is substantial evidence disclosed by the record to sustain the allegations of the bill of complaint and to controvert the material allegations of the answer. Therefore, it becomes needful only for us to determine whether or not, applying the law to the facts, the decree of the chancellor was without error.

Assuming that in taking the title to the property D. R. Persons took same as Trustee for his father and that thereafter when his father entered into a transaction with Pflum by which the elder Persons agreed to convey the property to Pflum as a part of the consideration to be paid for certain property, D. R. Persons, at the direction of O. A. Persons, the beneficial owner of the property, made a deed con-

veying the lands to Pflum, (which assumption the chancellor was warranted in finding as facts from substantial evidence before him) we hold that the conveyance so made passed a valid title to Pflum, although D. R. Persons was at the time a minor, and we further hold that he could not upon reaching his majority successfully repudiate the conveyance.

It is apparently well settled that the pleading of infancy to repudiate any act is a personal privilege. Elder vs. Woodruff Hardware Co., 9 Ga. 484, 71 S. E. 806; Hunter vs. Empire State Surety Co., 261 Ill. 235, 103 N. E. 1052; Persons vs. Chase, 37 Vt. 647, 88 Am. Dec. 630; Sheldon vs. Newton, 3 Ohio St. 494; Hughes vs. Hughes, 221 S. W. 970.

Where a minor acting as Trustee for another takes the legal title to property and at the direction of the beneficial owner and for the benefit of the beneficial owner, makes a conveyance of the property so held he cannot afterwards avoid the validity of the conveyance by disaffirming the same on a plea of infancy. Halawaty vs. Zeok, 253, Pa. 311, 98 Atl. 557; Elliott vs. Horne, 10 Ala. 348, 44 Am. Dec. 488; Nordholdt vs. Nordholdt, 87 Cal. 552, 26 Pac. 599; Des-Moines Insurance Co. vs. McIntyre, 99 Iowa 50, 68 N. W. 565.

The record disclosing no reversible error, the decree should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.