## Long Estate.

Argued September 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Albert J. Taylor,* for appellant.

*Lloyd J. Schumacker,* for appellee.

OPINION BY RENO, J., October 27, 1944:

This is an appeal from the decree dismissing exceptions to the adjudication of the account of a minor's guardian and refusing to order the payment of the funeral expenses of the minor's deceased husband out of her estate.

Appellant, an undertaker, at the request of Katherine L. Long, the minor, conducted burial services for her husband who died leaving no estate. Katherine L. Long was eighteen years of age at the time of the audit of the account, was then unemployed, and was the mother of a small child. Her estate consisted of the proceeds of a policy of insurance on her husband's life in which she had been designated as beneficiary, and was in the amount of $580.05 when the guardian's account was called for audit. She receives $25.80 monthly

benefits under the Federal Social Security Act, and is willing that the costs of her husband's funeral be paid from her estate. The undertaker's bill for $438.50 was disallowed pursuant to the settled practice in such cases in the Orphans' Court of Philadelphia County, although a bill for $21, for flowers ordered by the minor, and furnished at the time of the funeral, was allowed.

In *O'Leary Estate,* 156 Pa. Superior Ct. 92, 39 A. 2d 528, this day decided, the rule was announced that where the payment of funeral expenses would not jeopardize the future economic welfare of the minor, where there was no other source from which an undertaker could secure payment, and where a minor, sufficiently matured to exercise a sound discretion on the subject, assented to the expenditure, an order would be made directing that moderate funeral expenses of a deceased indigent parent be paid out of the minor's estate. The reasons supporting that decision impel us to reach a like conclusion where the indigent decedent is the spouse, rather than the parent, of the minor.

Great care must be exercised in the allowance of claims of this nature, and the amount of the undertaker's bill must be closely scrutinized in the light of the financial background of the minor and his station in life. A step taken in the best interests of the minor should not be permitted to result in hardship or denial. The size of the award for funeral expenses must be commensurate to the minor's position, keeping in mind the scale of living to which he and his family have been accustomed and with a view toward the future welfare of the minor himself. In the circumstances of this case we think $200 is a reasonable allowance.

Decree reversed; the claim is allowed in the sum of $200; costs to be paid by the estate.