## Wunder's Estate

*Paul D. Edelman,* for petitioner.

MARX, P. J., December 21, 1946.—The petition of Berks County Trust Company, guardian of the estate of Doris M. Wunder, a minor, represents:

That petitioner was appointed guardian of the estate of said minor on October 21, 1946;

That, as such guardian, it received the proceeds of a policy of insurance, issued by Washington National

Insurance Company of Chicago, Illinois (policy no. 04336180) on the life of Florence Wunder, mother of said minor, in the sum of $600, and now holds the same to the use and benefit of the minor under the appointed guardianship;

That the minor is now 18 years of age and has no estate besides the above-mentioned proceeds of said insurance policy;

That the mother of the minor died on January 1, 1946, and the undertaker was engaged and funeral arrangements were made for the burial of the remains of the mother by the said daughter, Doris M. Wunder;

That the undertaker's bill, as rendered to the minor and to the guardian aggregates the sum of $513;

That payment out of the fund and estate of the minor has been requested and the minor agrees that payment be so made;

The guardian asks authority to appropriate from the funds of the estate of the minor to the payment of the rendered bill.

Until recently there prevailed a divergence of opinion and decision in the courts of the Commonwealth regarding the right and policy of appropriating the estate or part of the estate of a minor child to the payment of expenses incident to the burial of the remains of an indigent parent.

The question was raised in the cases of O'Leary Estate, 156 Pa. Superior Ct. 92, and Long Estate, 156 Pa. Superior Ct. 96 (1944). Reversing, the Superior Court decreed payment of the accounts rejected in the courts below. Upon appeal to the Supreme Court, the decision in both estates was reversed, the Supreme Court holding that the estate of a minor is not liable for the funeral expenses of an indigent parent. (O'Leary Estate, 352 Pa. 254; Long Estate, 352 Pa. 257.)

Justice Drew, who wrote the opinion for the Supreme Court, aptly suggests:

"However, this minor . . . is now almost twenty-one years of age and since she wishes to pay the bill, she can do so by ratification of her promise upon coming of age." (O'Leary Estate, supra.)

By way of alternative recourse, evidence was presented in support of a parol or an oral trust imposed upon the fund by the deceased mother, limiting the use of the proceeds, in the event of death, in the hands of the named beneficiary, this minor. The title of the minor to the fund, on the basis of the record of the insurance policy, is absolute and without qualification. Petitioner, upon information received, alleges the declaration of a trust by the insured and an acceptance of the contract under the trust by the named beneficiary, the minor. These allegations show a wide departure from the written record of this transaction. They meet with substantial difficulties.

A person not sui juris has no capacity to create a trust: Harker's Est., 176 Pa. 19; "A person has capacity to create a trust by declaring himself trustee of property to the extent that he has capacity to transfer the property inter vivos": A. L. I. Restatement of Trusts, §18. In Burst v. Weisenborn, 1 Superior Ct. 276, it was held that the designation of a beneficiary by a member of a benefit society is an act testamentary in its character, and the same rules of construction apply as in the case of other testamentary writings: consequently such a writing or designation by one not of lawful age is voidable.

"The policy of the law is sound. A minor ought not to have the power to execute a will and to manage and administer an estate as executor. He ought not to be permitted in law to act as trustee for others when he cannot act for himself. If he cannot contract for himself, he ought not to be empowered to contract for and in behalf of others": McKernan's Est., 14 Dist. R. 693, 694.

Doris M. Wunder could not erect or declare a trust upon a fund which came to her absolutely and without limitation.

Petitioner further represents that the fund came to the minor subject to a trust imposed by her mother, the insured.

"It is well established that 'one who takes and holds the legal title to land in trust can convey or mortgage the same in execution of that trust, and cannot disaffirm or avoid his deed or mortgage on the ground of his minority': 22 Cyc. 531. When John Hlawaty accepted the conveyance from his father, he undertook to carry out a confidence reposed in him in the nature of a trust, which he accomplished in his own way when he made the deed to John Zeock; therefore, so far as the plaintiff is concerned, the trust, whatever it amounted to, has been fully executed; and, since the principles of equity are interwoven with our law, the court below was entirely right in not permitting him to recover the property for his individual benefit, even thought none of the deeds made mention of the trust obligation and he was a minor at the time of their delivery": Hlawaty v. Zeock, 253 Pa. 311, 314; Amodei's Est., 28 Dist. R. 803.

Admittedly, a declaration of trust in personalty need not be manifested or proved by a written instrument. An oral declaration is sufficient if the proof thereof is definite and convincing: Free's Estate, 327 Pa. 362, 367; Rocks et al. v. Sheppard, 302 Pa. 46. The evidence to support the trust must be "clear, precise and indubitable": Washington's Estate, 220 Pa. 204; Hollis v. Hollis, 254 Pa. 90.

The testimony of the minor, in relation to the imposition of a trust dare not be regarded, since no conclusion dare be based upon anything which looks like a contractual understanding on the part of the minor.

May S. Wunder, wife of a brother of the minor, testified (p. 4):

"Q. What was the purpose of her talking to you about the policy of insurance? . . .

"A. Well, it had been discussed when I married her son, that is when she had the beneficiary changed.

"Q. Who had been the beneficiary?

"A. Leon. . . .

"Q. What else did she say to you about this policy of insurance?

"A. She always would say it would be enough to pay her funeral expenses if anything would happen to her. That is practically all we talked about. . . .

"Q. But you can say, under oath, that this woman said the money under this policy was to take care of the expenses of her funeral?

"A. Yes. . . .

"Q. Are you the one that helped select the casket and make arrangements for the funeral?

"A. Yes, I was with Doris, I had to sign, but I left her pick what she wanted.

"Q. And you selected Undertaker Seidel to take care of the body and bury it?

"A. Yes. . . .

"Q. Why did she change the beneficiary from your husband to this girl, did she say?

"A. Well, because he got married and went overseas, and she said, because Doris was the only one home any more, she would put it in her name.

"Q. That is all she said.

"A. Yes."

Against the positive, written expression of the insured, naming the beneficiary and designating an absolute estate, such loose, random statements cannot prevail. The insured had it in her power to establish a trust in her son, the prior beneficiary or in this minor. She failed to do so, and we are without power to supply her omission.

And now, December 21, 1946, the petition is dismissed.