PER CURIAM.
Connecticut General Life Insurance Company, the defendant below, appeals from a final judgment entered following a non-jury trial.
For a number of years prior to his death Eddie Brown was an employee of Keller Industries, Inc. During employment he *590 held $10,000 life insurance as an insured under a group life insurance policy (No. 33206) issued by the appellant to Keller Industries, Inc. The beneficiaries thereunder were Linda Sue Brown and Rosaline Brown, his daughters by a prior marriage. At the time of his death, which occurred on November 1, 1972, he was married to the plaintiff-appellee Jessie Mae Brown. Some time after Eddie Brown became totally and permanently disabled his employment was terminated on the basis of such disability on January 8, 1972.
In that circumstance, under a term of the group policy, the life insurance coverage on Eddie Brown did not terminate, but continued in effect with further premiums waived. By a provision of the policy, when an insured’s employment was terminated, other than for such disability, his coverage under the group policy would end, but such an employee who no longer was insured under the group policy could obtain a separate policy for similar coverage by making written application therefor to the insurer within thirty days after termination of his employment.
An employee of Keller Industries, Inc. kept the records as to the employees covered by group policy and the deletions and additions from month to month, and informed the insurer thereof, there being several thousand, with the number changing from time to time. She furnished Eddie Brown a form upon which to make timely application to the insurer for a separate policy for $10,000 life-insurance, following the termination of his employment.
Eddie Brown made the written application, and based thereon the insurance company issued policy No. 1430790 to him for $10,000 life insurance, and, pursuant to direction in his application, the beneficiary named in that policy was Brown’s wife, Jessie Mae Brown. More than four months later Eddie Brown died. The premiums which became due in the interval were paid.
Thereafter Jessie Mae Brown filed this action against the insurance company to enforce payment of the proceeds of the policy under which she was the beneficiary. The insurer answered, averring that the group policy insurance coverage of Eddie Brown remained in force after his termination of employment for total disability, and continued in effect to the time of his death. The insurer counterclaimed for cancellation of the second policy on the ground of mutual mistake, and alleged it had issued the policy by mistake, through lack of knowledge that the basis for the termination of Brown’s employment had been such that his group insurance coverage remained in effect.
Linda Sue Brown and Rosaline Brown, beneficiaries under the group policy coverage, as counterdefendants, answered, and as beneficiaries sought recovery on the original and continuing group policy coverage held by Eddie Brown.
In the final judgment it was held that Linda Sue Brown and Rosaline Brown were entitled to recover as beneficiaries under the group policy coverage. The court rejected the insurance company’s claim for cancellation of the second policy for mutual mistake, and held the plaintiff Jessie Mae Brown was entitled to recover under said second policy.
The first of those holdings was correct, because the $10,000 life insurance coverage held by Eddie Brown under the group policy was in effect at the time of his death. The question involved here is whether the court was correct in holding that the second policy also was in effect, and that its proceeds were payable to the plaintiff beneficiary.
Mutual mistake is a ground for cancellation of such a contract. Peace River Phosphate Mining Co. v. Thomas A. Green, Inc., 102 Fla. 370, 135 So. 878; Rood Company v. Board of Public Instruction, Fla.1958, 102 So.2d 139, 141; Ormsby *591 v. Ginolfi, Fla.App.1958, 107 So.2d 272; Fla.Jur. Cancellation, Reformation, Etc. § 32.
The ruling of the court denying cancellation of the separate policy, and holding the beneficiary thereunder was entitled to recover, comes to this court with a presumption of correctness. On consideration of the record, briefs and argument we hold no reversible error has been shown.
The court was justified in concluding that mutual mistake was not shown. The insurer showed unilateral mistake, by having issued the second policy without knowledge that Brown’s termination of employment had been for total disability, so as to permit continuance of his group insurance coverage. However, it was not established that Eddie Brown was acting under a mistake, or with knowledge that he was not entitled to apply for and obtain a separate policy. A fellow employee having charge of the insurance records supplied Brown with the form upon which to apply for the insurance. What Brown knew or did not know as to his status as an insured, or what his intention was in applying for the new policy, was not shown by other evidence and could not be learned from him, as his mouth was stilled with dust.
Cancellation of the second issued policy contract, for unilateral mistake of the insurer, would be grantable if the policy was issued under such circumstances that it would be inequitable for the other party thereto to have benefit of the contract. Fla.Jur. ibid § 33. Here the equities were against the insurer. It was not Brown’s negligence which brought forth the application in a situation where it was inappropriate. The insurer made no inquiry to determine the basis upon which Brown’s employment was terminated. The, policy was in effect for several months after its issuance, with premiums paid, without its validity being questioned by the insurer, and no timely application was made by the latter for a cancellation of the policy prior to Brown’s death. Moreover, because Brown made his wife the beneficiary under the policy he applied for, if the latter policy had been cancelled and he had been informed that his life insurance coverage under the group policy was continuing, he might then have elected to change the beneficiary — a choice of which he was deprived, or for which he could have recognized no necessity, in view of the manner in which the matter was handled by his employer and the insurance company.
For the reasons stated, the judgment is affirmed.