(35 Misc. Rep. 270.)

## MUTUAL LOAN ASS'N v. BRANDT.

### (Supreme Court, Appellate Term.   June, 1901.)

ACTION ON NOTE—EVIDENCE.

 Where, in an action on a note, the maker alleges that he had received no consideration, and that the holder bought it at a usurious discount, and testifies, on cross-examination, that when he delivered the note to the assignor of the holder he received from him his note for the same amount, he is entitled on rebuttal to show what occurred when the assignor gave him his note, in order to rebut the presumption of exchange arising from the fact that the notes, both in date and amount, were similar.

Appeal from city court of New York, general term.

Action by the Mutual Loan Association against Fred Brandt. From a judgment of the general term (69 N. Y. Supp. 652) affirming a judgment entered on a verdict, defendant appeals. Reversed.

An action was brought on a note made by defendant, and indorsed by him, with two others, to plaintiff, at a usurious discount. Defendant testified that he had received no consideration for it. Plaintiff proved on cross-examination that on the same day he delivered the note in suit to one of the indorsers he received his note for an equal amount. The court refused to allow defendant to show on redirect what occurred at the time the note was given.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Mayer & Gilbert (A. S. Gilbert and Julius M. Mayer, of counsel), for appellant.

Jacob Levy (S. D. Lasky, associated), for respondent.

PER CURIAM. It seems to be conceded that if the note in suit was given in exchange for a similar note by Heymann, plaintiff's assignor, the defense of usury must fail. If, however, it was given without consideration, and had no legal inception until discounted by plaintiff, the defense may be successful. The crucial question, therefore, is whether or not there was an exchange of notes. The correspondence in date, amount, and term of the note given to Heymann by Brandt, and the note given by Brandt to Heymann, certainly raises a presumption that there was such an exchange; but it is a presumption which might be capable of refutation, and the defendant had the right to rebut it if he could. The question put to him as to what occurred when Heymann gave him the note which is asserted to have been given in exchange for the note in suit was therefore material and pertinent, as its answer might have tended to rebut the presumption of exchange, which rests alone upon the similarity in date and tenor of the two notes. The refusal to permit the question to be answered was error, for which the judgment must be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide event.