[Civ. No. 2990.  First Appellate District, Division One.—October 17, 1919.]

## W. V. AMBROSE, Respondent, v. HAMMOND LUMBER COMPANY (a Corporation), Appellant.

[1] FRAUD—DEFENSE—PLEADING.—Fraud is not available as a defense where such an issue is not tendered by the pleadings.

[2] PROMISSORY NOTE — NEGOTIABILITY — INDORSEMENT WITHOUT RECOURSE.—The indorsement of a promissory note without recourse by the original payee does not destroy its negotiability.

[3] ID.—GUARANTEE OF PAYMENT BY INDORSEE.—The guarantee of the payment of a promissory note by the indorsee does not affect its negotiability.

[4] ID.—SALE OF NOTE—GIVING OF LUMBER CREDIT IN PAYMENT—TRANSFER OF CREDIT TO THIRD PARTY—LIABILITY ON CREDIT.— Where a lumber company, in consideration for a certain promissory note purchased by it in good faith and in due course of business before maturity, gives its indorser a credit on its books for the agreed purchase price of the note, the same to be paid in lumber, and thereafter such credit is transferred to a third person in settlement on an indebtedness to the latter, the lumber company is liable to such third person on the credit.

[5] ID.—EXCHANGE OF NOTES—SUFFICIENCY OF CONSIDERATION.—The delivery by a company to an individual of certain promissory notes executed by it constitutes sufficient consideration for the execution and delivery by such individual to the company of his promissory note for the aggregate amount thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Grant Jackson, Judge.  Affirmed.

The facts are stated in the opinion of the court.

R. L. Horton, Gurney E. Newlin and A. W. Ashburn for Appellant.

Scarborough & Bowen for Respondent.

BARDIN, J., *pro tem.*—This is an appeal from the judgment in favor of the plaintiff.  The action was brought to

2. Indorsement of note without recourse as affecting negotiability, notes, 134 Am. St. Rep. 998; L. R. A. 1918F, 1152.

recover damages because of the refusal of the defendant to furnish to plaintiff a quantity of lumber which plaintiff claims he was entitled to receive.

The controversy between plaintiff and defendant is the outgrowth of the execution and delivery of a promissory note of one Henry E. Bothin to Southern California Utilities Company, for five thousand dollars, dated December 3, 1913, payable one year after date. Simultaneously with the delivery of this note there was executed in favor of and delivered to Mr. Bothin, five one thousand dollar notes of said company. Pursuant to the resolution of Southern California Utilities Company the Bothin note was indorsed without recourse and placed in the hands of one Franklin Helm, the promoter of the Southern California Utilities Company, for negotiation. It was the understanding of Mr. Bothin at the time he executed this note that it would be negotiated in order to raise funds to be disbursed in the development of an irrigation project, which, if consummated, would result in his own financial gain. Helm employed one Vigus, a broker, to sell the note, and a sale thereof was made to Hammond Lumber Company, a corporation, the defendant herein, by the terms of which, as found by the court, it was agreed by the defendant to pay to said Helm the sum of four thousand five hundred dollars, which was to be credited upon defendant's books in the name of Franklin Helm, and that the same would be paid by the defendant in lumber at market prices whenever demanded by Helm. Such credit was accordingly entered upon the books of the defendant in favor of said Helm. For his services as broker, Vigus received a like credit for five hundred dollars. Previous to the delivery of the Bothin note to the defendant, and in addition to the indorsement already stated, the following was written upon it:

"I hereby guarantee payment of this note, waiving protest, notice of nonpayment and demand.

"FRANKLIN HELM."

The manager of the defendant testified that but for this guarantee of the payment of the note by Helm the defendant would not have purchased the note.

During the month of December, 1913, Helm applied to plaintiff for a loan of $3,250, offering as security the said "credit memorandum" for four thousand five hundred dollars, payable in lumber, standing on the books of defendant.

Before making the loan to Helm, the plaintiff, with Helm and the broker, Vigus, went to the office of the defendant and, as Ambrose testified, "asked the bookkeeper if they owed Franklin Helm four thousand five hundred dollars which was to be paid in lumber, and he turned to his ledger sheet and said, 'Yes, he has a credit here of four thousand five hundred dollars on the book.' Mr. Helm says: 'Transfer this to Mr. Ambrose's name,' which was done in the presence of Mr. Helm, Mr. Vigus, and myself. I saw that transfer made to my name on the books of the Hammond Lumber Company in my presence."

Following the transaction at the office of defendant the plaintiff loaned Helm the sum of $3,250, taking the note of Helm payable in three months. Upon nonpayment of Helm's note at maturity, Ambrose and Helm made a supplemental oral agreement, the effect of which was that the credit standing upon the books of defendant was to be considered the property of plaintiff without condition and Helm's indebtedness to Ambrose to be deemed paid.

Deliveries of lumber aggregating in amount and value $1,004.95 were made to plaintiff as requested, until August 10, 1914, when defendant refused to deliver any more lumber on the credit referred to, basing its refusal so to do in effect upon the ground that the Bothin note had been issued without consideration.

On December 16, 1914, Mr. Bothin entered into an agreement with the defendant indemnifying it against any loss that might be sustained by it, because of nondelivery of any additional lumber under the aforesaid credit standing on its books, and the defendant, in consideration of such agreement to save it harmless, agreed to furnish no additional lumber upon said credit.

The present action was instituted on June 12, 1915, to recover as damages the balance claimed to be unpaid upon the credit referred to, with interest.

It is the contention of the defendant "that plaintiff was the owner of a non-negotiable instrument subject to all equities and defenses existing against his assignor, Helm; that the Bothin note was valueless, and subject to many infirmities in the hands of the defendant due to the fact that defendant gave only an executory consideration for the same. . . ."

[1] It is also claimed in the briefs of the appellant that the Bothin note is valueless and subject to infirmities in the hands of defendant because of fraud alleged to have been committed by Helm at the inception of the note, and stated to consist of fraudulent representations going to the intended use of the proceeds of the note when negotiated. But the pleadings do not tender such an issue. Fraud not having been pleaded, we do not see how such a defense is available to the defendant (*San Francisco Mercantile Union* v. *Muller,* 18 Cal. App. 174, [122 Pac. 828]), even though there were no other legal obstacles in the way of the consideration of such defense.

The Bothin note is in form a negotiable note. It was made expressly to be negotiated. [2] It was indorsed without recourse by the original payee, which did not destroy its negotiability (8 Corpus Juris, 370). [3] And neither did the fact that Helm guaranteed its payment affect its negotiability. [4] It seems to have been purchased by defendant in good faith in due course of business, before maturity, and, in view of all the circumstances of the case, for a valuable consideration. We cannot agree with counsel for the appellant that the consideration for the Bothin note continued to be executory after the transfer of the credit in lumber to the plaintiff. Such transfer, under the circumstances already noted, operated as the creation of a new contract which the defendant should not be permitted to disregard. The promise of the defendant to make deliveries of lumber to plaintiff was supported as to consideration, by the detriment suffered by the plaintiff in loaning $3,250, which would not have otherwise been made, and which loan was never repaid. [5] The delivery of the five promissory notes of the Southern California Utilities Company to Bothin was, of itself, sufficient consideration for the support of the Bothin note (8 Corpus Juris, 227).

At the time of the refusal of the defendant to deliver lumber to the plaintiff, the Bothin note had not matured. How could the defendant then know that it could not realize upon Helm's guarantee of the payment of that note at maturity?

Counsel for the respective parties have been very industrious in the preparation of their respective briefs, and have favored the court with every assistance at hand for the

proper solution of the controversy. After a careful consideration of all the arguments *pro* and *con,* we perceive no reason why the judgment in favor of the plaintiff should not be affirmed. If Mr. Bothin executed his note because of fraudulent representations of Southern California Utilities Company, or of its agent, or if he is entitled to redress of some nature, he must seek it in some proper action. The defendant may not adjudicate those matters for him in this action.

Judgment affirmed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1919.

Angellotti, C. J., Shaw, J., Lawlor, J., Lennon, J., and Olney, J., concurred.

Wilbur, J., dissented.

Melvin, J., was absent.