[Civ. No. 3265. Third Appellate District.—June 6, 1927.]

## ROY M. MELLOR, Appellant, v. DUNNING RIDEOUT, Executor, etc., Respondent.

[1] PROMISSORY NOTES—NOTE SECURED BY MORTGAGE—NEGOTIABILITY. A note secured by mortgage on real property, executed prior to the amendment in 1923 of section 3265 of the Civil Code, making notes secured by mortgage negotiable, is not negotiable, but, under section 1459 of the Civil Code, may be transferred by indorsement.

[2] EVIDENCE—ADMISSIONS—PLEADING IN ANOTHER ACTION—AMENDMENTS.—An admission contained in a pleading in one action may be received in evidence against the pleader in the trial of another action, but, if the first action has not been brought to trial and it is within the power of the pleader to destroy the effect of the

---

1. Effect of mortgage on negotiability of note, note, 35 L. R. A. 536. See, also, 19 Cal. Jur. 802. Recital in note as to mortgage security as affecting negotiability, note, 32 L. R. A. (N. S.) 858.

admission as evidence by amending his pleading, the admission is not ordinarily entitled to overwhelming weight.

[3] PROMISSORY NOTES—CROSS-NOTES EXECUTED AT SAME TIME—CONSIDERATION—PRESUMPTIONS—EVIDENCE—FINDINGS.—In an action to foreclose a mortgage given to secure the payment of a promissory note, where the parties exchanged promissory notes at the same time for equal amounts, bearing the same rate of interest, the trial court was warranted in finding that the notes were cross-notes, and therefore that one of said notes, was given for a valuable consideration and was not an accommodation note, under section 3110 of the Civil Code and the Negotiable Instruments law (Stats. 1917, p. 1531), and the presumptions authorized by sections 1957, 1963, subdivision 2, and section 2061, subdivision 2, of the Code of Civil Procedure, and section 1614 of the Civil Code, were not overcome by an allegation in the complaint in another action that the note was without consideration.

(1) 8 C. J., p. 200, n. 27.    (2) 22 C. J., p. 333, n. 22, p. 426, n. 29. (3) 8 C. J., p. 1048, n. 21.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

Perky, McConnell & Hill and Butler, Van Dyke & Desmond for Appellant.

Warren Steel, Homer Lingenfelter and W. H. Carlin for Respondent.

FINCH, P. J.—This action was instituted to foreclose a mortgage given to secure the payment of a promissory note for $5,000, dated June 6, 1922, payable on or before one year after date, and bearing interest at the rate of six per cent per annum. Both instruments were executed by Lycurgus Orr, who died prior to the commencement of this action. The answer denies the execution of the instruments

2. Admissibility and conclusiveness against pleader in subsequent action with stranger of admissions in pleading, notes, 18 Ann. Cas. 79; Ann. Cas. 1915C, 735; Ann. Cas. 1918E, 549. See, also, 21 Cal. Jur. 17. Pleading superseded by amended pleading as admissible against pleader, notes, Ann. Cas. 1913A, 1132; 14 A. L. R. 65. See, also, 1 R. C. L. 497.

and, "as a further and separate defense herein and by way of counterclaim," alleges that plaintiff's assignor, John R. MacLean, for a valuable consideration, on June 6, 1922, executed and delivered to Orr a promissory note for $5,000, payable thirty days after date, and bearing interest at six per cent per annum; and that the amount thereof became due and payable prior to the assignment by MacLean of Orr's alleged note. The complaint alleges and the court found that MacLean assigned the Orr note and mortgage to A. P. Knox July 8, 1922, and that on the same day Knox assigned them to the plaintiff.

At the trial the plaintiff introduced proof to establish the execution of the instruments, their assignment to him, and that the note had not been paid. The proof of the defendant was equally formal as to the MacLean note. In rebuttal, the plaintiff introduced in evidence the complaint in an action instituted by Orr against MacLean for the cancellation of the Orr note and mortgage. The complaint in that action, duly verified by Orr, was filed July 3, 1922, five days before the assignment by MacLean. It is therein alleged that Orr was induced by MacLean's false representations to purchase 13,800 shares of the capital stock of Standard Petroleum Company at ten cents a share; that thereafter, "on and immediately prior to June 6, 1922," MacLean made similar false representations to Orr and falsely stated that he, MacLean, then "had an option to purchase $5,000 worth of the said capital stock of said Standard Petroleum Company at the said par value of 10c per share; that if plaintiff would execute to him, the said defendant John R. MacLean, the plaintiff's promissory note for the sum of $5,000, secured by a mortgage on plaintiff's real property hereinabove described, he, the said John R. MacLean, could and would hypothecate the same for cash and secure the said capital stock pursuant to his said option, and could and would sell the same to other parties at 50c per share; and that he, the said John R. MacLean, could and would so take up such option and resell the said stock within two or three weeks from said date and would then repay plaintiff the amount of plaintiff's said note and mortgage, together with interest and also the amount in full that plaintiff had theretofore paid for the said 13,800 shares of the said stock so that plaintiff would then have all of

said 13,800 shares of stock without cost to himself; . . . that plaintiff was at said time of the age of 79 years and was then, and had been for some time prior thereto, infirm physically, and in mind, by reason of his advanced years"; that by reason of said false representations the plaintiff was induced to execute the promissory note and mortgage; that subsequent to June 6, 1922, plaintiff learned and discovered for the first time that such representations were false; "that no consideration passed to or has been received by this plaintiff or by anybody else for his use and benefit for the execution and delivery of the said promissory note of $5,000 and the mortgage so executed and delivered to secure the payment thereof."

The court found, in the instant case, that each of the aforesaid notes was executed "for a valuable consideration" and that "the said promissory note executed by said John R. MacLean to said Lycurgus Orr on the 6th day of June, 1922, as aforesaid, now is and at the time of the commencement of this action was a full and complete set-off to the said promissory note in plaintiff's complaint set forth." Judgment was entered in favor of defendant for costs, and the plaintiff has appealed.

Appellant contends that the evidence does not support the finding that the Orr note was given for a valuable consideration, but that it shows that the instrument is an accommodation note, upon which Orr was liable to MacLean's assignee, notwithstanding MacLean's note to Orr was due and payable at the time of the assignment. All other grounds urged for a reversal are based upon that contention and, hence, a determination against appellant thereon will be decisive of the case. Appellant relies on the provisions of section 3110 of the Civil Code, which defines an accommodation party and his liability to a holder for value, in the language of the Uniform Negotiable Instruments Law. The title of the act adopting that law is as follows: "An act to repeal title fifteen of part four of division third of the Civil Code of the State of California, and to add a new title fifteen of part four of division third of said code in place thereof, relating to negotiable instruments, and to make the law of negotiable instruments in the State of California uniform with the law of other states." (Stats. 1917, p. 1531.)

[1] The Orr note was not negotiable, it having been executed prior to the amendment in 1923 of section 3265 of the Civil Code, making notes secured by mortgages negotiable. Section 1459 of the Civil Code provides: "A non-negotiable written contract for the payment of money or personal property may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement shall transfer all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the indorsement." It is not necessary, however, to decide whether the provisions of section 3110 of the Civil Code are applicable to non-negotiable notes, because the evidence is sufficient to warrant the inference that the Orr note was given for a valuable consideration. It is a disputable presumption "that a promissory note . . . was given . . . for a sufficient consideration." (Code Civ. Proc., sec. 1963, subd. 21.) "A written instrument is presumptive evidence of a consideration." (Civ. Code, sec. 1614.) A presumption is evidence. (Code Civ. Proc., sec. 1957.) Jurors "are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against . . . a presumption . . . satisfying their minds." (Code Civ. Proc., sec. 2061, subd. 2.) [2] Appellant contends that Orr's statement in his verified complaint that the note was given without consideration "must of necessity overcome and dispel the legal presumption arising from the written instrument," quoting from *Williams* v. *Hasshagen*, 166 Cal. 386, 390 [137 Pac. 9, 11], as follows: "Disputable inferences or presumptions, while evidence, are evidence the weakest and least satisfactory. They are allowed to stand, not against the facts they represent, but in lieu of proof of them. The facts being proven contrary to the presumption, no conflict arises; the presumption is simply overcome and dispelled." In *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1, 7 [210 Pac. 269, 272], it is said: "There seems to be some confusion in the decisions of this state with respect to the extent to which, under various circumstances presumptions of law are to be regarded as evidence of facts." The court then reviews the authorities

in this state, including *Williams* v. *Hasshagen, supra,* and proceeds: "From the foregoing we deduce that a fact is proved as against a party when it is established by the uncontradicted testimony of the party himself or of his witnesses, under circumstances which afford no indication that the testimony is the product of mistake or inadvertence; and that when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case." Disregarding the question whether the facts alleged in the Orr complaint show a consideration for the execution of his promissory note, it cannot be said that the evidence is insufficient to support the finding under discussion. Parties frequently fail to comprehend fully the legal phraseology in which their attorneys state the facts in a pleading. It does not appear whether any steps were taken in the action instituted by Orr further than filing the complaint. It has been held in this state "that a pleading which has been superseded by an amendment can no longer perform any office as a pleading, and cannot be used on the trial as admissions to contradict a fact alleged in a subsequent amendment." (*Schuh* v. *R. H. Herron Co.,* 177 Cal. 13, 17 [169 Pac. 682, 683].) While an admission contained in a pleading in one action may be received in evidence against the pleader in the trial of another action, if the first action has not been brought to trial and it is within the power of the pleader to destroy the effect of the admission as evidence by amending his pleading, the admission is not ordinarily entitled to overwhelming weight. [3] Besides, there is persuasive evidence in support of the presumption of a consideration. Orr and MacLean exchanged promissory notes at the same time, for equal amounts and bearing the same rate of interest. The correspondence in date, amount, and interest warrants the inference that the instruments were cross-notes. (*Mutual Loan Assn.* v. *Brandt,* 35 Misc. Rep. 270 [71 N. Y. Supp. 770].) "The rule is well established that a promissory note given by the maker, in exchange for a note given by the payee, is for a valuable consideration, and not an accommodation paper, although made for the mutual accommodation of the parties." (Elliott on Contracts, sec. 3402; Daniel on Negotiable Instruments, 6th ed., sec. 187; *Am-*

*brose* v. *Hammond Lumber Co.*, 43 Cal. App. 597, 600 [185 Pac. 691].)

The judgment is affirmed.

Thompson, J., *pro tem.*, and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1927.