[Civ. No. 7772. Second Appellate District, Division Two.—March 23, 1931.]

In the Matter of the Estate of JOHN H. COOLMAN, Deceased. LLOYD J. TAYLOR et al., Respondents; EDWARD T. SHERER et al., Appellants.

Welburn Maycock and Edward T. Sherer for Appellants.

Marshall Stimson, Noel C. Edwards and Evans, Pierce & Campbell for Respondents.

CRAIG, J.—The proponents of an alleged lost or destroyed last will and testament of John H. Coolman, deceased, appeal from an order and decree denying probate of the same and directing the issuance of letters of administration.

The facts of the case are not controverted. It appears that the testator called at the offices of his counsel on No-

vember 14, 1928, and discussed the matter of altering his will, which he then had in his possession; that on the following day he again visited said offices, at which time counsel observed the will in his possession. He then suggested that he desired making "some little amendments" thereof. Two days later he contracted illness which on November 22d proved fatal. At some time between 2 o'clock P. M. and 6 o'clock P. M. of November 20th, the deceased had stated to a relative that he intended making changes in his will, and "that he was not satisfied with his will", that "he intended to make some more changes and they were to be beneficial to me". At about 7 o'clock P. M. of the same day he had passed into a coma from which he did not revive. Following his demise certain of the decedent's clothing, and his will, were missed, and subsequent search failed to reveal them. Dr. Lloyd J. Taylor, one of the three contestants, was unable to recall a conversation in which he had admitted that the clothing was taken to his home. This testimony, however, was later retracted in part by the admission that they were removed to his residence without his knowledge, and there was positive testimony from other sources that he had admitted having them in his possession and had stated "that there was nothing in the pockets". Nevertheless, it is conceded that seven days prior to his death the deceased exhibited his will, and that within a few hours before unconsciousness overcame him he appeared rational, and spoke of making alterations therein.

The trial court found: "That from the facts that the will was last seen in the possession of deceased; that he intended to make changes therein; and that said will was not in existence at the time of his death, the court finds that it is true that the alleged last will and testament was by deceased destroyed prior to his death, with the intent on his part to revoke the same." This finding is founded solely upon the presumption which arises from the fact that the will was not discovered. The court further found that it was not shown to have been fraudulently or by public calamity destroyed in the lifetime of the testator. Coolman had frequently expressed an intention to die testate, had made various wills and alterations thereof, and one week preceding his death took from his pocket the will in question. He then stated that he did not desire

to change its full testamentary plan, that he "did not want to change the original document if he could help it", but would like to make "just some little amendments". For personal reasons he carried it away, intending to return it to his counsel. We think *Estate of Sweetman,* 185 Cal. 27 [195 Pac. 918, 921], decisive of the right of appellants to probate the last will and testament of John H. Coolman by introduction of the offered copy and proof of its provisions by two credible witnesses. (Code Civ. Proc., sec. 1339.) In the cited case it appeared that the testatrix had made several wills and alterations thereof; two weeks preceding her death she expressed an intention to make a different one; shortly thereafter she stated that she intended making a new will "and drop the Johnsons out"; arrangements were made to prepare a new will on the 29th of January, and on February 3d she died; unlike the facts here presented, the testatrix remarked immediately preceding her demise that she had destroyed the Johnson will. But there was no other evidence of its destruction, the witnesses had not seen it for some months, and it was not found; yet she had assured other witnesses who testified that the will would be found. Affirming a decree admitting the will to probate, our Supreme Court said: "We have, therefore, the simple question as to whether or not the declarations of the deceased that the will was in existence, repeated in the most solemn fashion only three days before her death, was sufficient to support the finding of the trial court that the will was in existence at the time of her death. It seems clear that these declarations of the testatrix at least had the effect of overcoming the presumption that the will had been destroyed by her with the intention of revoking the same. With this presumption thus eliminated we have, then, the fact that the will was in existence two and a half months before her death. The law presumes that a thing once shown to be in existence continues in existence as long as things of that nature usually exist. If we apply that presumption to the will under consideration, it is evident that without the intervention of some unusual agency it would not cease to exist in seventy-five days. There was no proof that any such agency destroyed the will. The trial court was therefore justified in finding to that effect."

. . .

Coupled with positive denials of the testator that he intended changing the original document here in question, the record presents strong evidence which tends to exclude any fair conclusion that he intended to destroy his will or to revoke it. The uncontradicted testimony that he had it in his pocket but one week before his passing, and the admissions of a contestant under oath that the decedent's clothing was promptly transferred to his house, but that the will which Coolman discussed one hour previously to his final unconsciousnss was not among his effects, must present rebuttal evidence as substantial as is usually available in such a case. In the instant case there is no evidence of any nature aside from mere inference which has at times been dignified as a "presumption", that the offered will was not the last solemn testamentary intention and act of John H. Coolman, excepting only some slight undisclosed alteration. It has been held that "disputable inferences and presumptions, while evidence, are the weakest and most unsatisfactory evidence. They are allowed to stand not as against the facts they represent, but in lieu of proof of them. The facts being proven contrary to the presumption, no conflict arises; the presumption is simply overcome and dispelled." (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922].) To the same effect are *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1 [210 Pac. 269], *Landsrath* v. *Industrial Acc. Com.,* 77 Cal. App. 509 [247 Pac. 227], and *Mellor* v. *Rideout,* 83 Cal. App. 621 [257 Pac. 173].

The decree is reversed.

Works, P. J., and Archbald, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 20, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1931.