[Civ. No. 9820. Second Appellate District, Division One.—May 26, 1936.]

HARRY TUMANSKY et al., Respondents, v. LEONARD J. WOODRUFF, Appellant.

Edward Fitzpatrick and Earl J. Opsahl for Appellant.

Glenn M. Still for Respondents.

ROTH, J., *pro tem.*—Plaintiffs in this case in return for a deed to the Windsor Apartments (which were heavily encumbered and under foreclosure at the time), and a note for $20,000 made to them as payees from one Rabinowitch and wife, received from Craig and Wallace $22,000 in notes. Of this latter sum $15,000 was made up of five several promissory notes of defendant and appellant herein, Leonard J. Woodruff (hereinafter called "Woodruff notes"). The Woodruff notes were made payable to Craig, and by Craig and Wallace, prior to maturity, indorsed, guaranteed and delivered to plaintiffs. Judgment in the instant action was obtained against appellant alone, the maker of the notes (Craig and Wallace not being served), for the principal amount of said Woodruff notes with interest and attorney's fees. The appeal is from the judgment and from the order denying motion for new trial.

The Woodruff notes were delivered to plaintiffs through their attorney, who acted as the escrow agent for both parties in the Windsor Apartment transaction, wherein the deed to the apartment house and the Rabinowitch note were transferred to Craig and Wallace. Plaintiffs delivered the deed to their attorney, the said escrow agent, duly executed in all respects except that the name of the grantee was left blank. Prior to the escrow, a suit had been commenced by plaintiffs

on the Rabinowitch note (payment of which had been refused). The escrow agreement was in writing, signed by plaintiffs, Craig and Wallace, and provided with reference to these two features as follows:

"The Grantee's name in said deed is in blank and you are hereby authorized to insert as grantee in said deed the nominee of Mary D. Wallace and Gavin W. Craig . . . Upon the payment in full of the above described promissory notes evidencing said sum of Twenty-two Thousand and no/100 ($22,000.00) Dollars, you are instructed to deliver the above described grant deed to Mary D. Wallace and/or Gavin W. Craig.

"You are further instructed that Harry Tumansky and Betty Tumansky at their option shall have the right at any time to instruct you to deliver said grant deed to Mary D. Wallace and/or Gavin W. Craig, in which event you are to surrender and deliver to Harry Tumansky and Betty Tumansky all of the above described promissory notes or any part thereof remaining in your possession, in which event the delivery of said grant deed shall be unconditional . . . Harry Tumansky and Betty Tumansky do hereby execute and deliver in blank a substitution of party plaintiffs and substitution of attorneys in that certain action entitled: In the Superior Court of the State of California, In and For the County of Los Angeles, Harry Tumansky & Betty Tumansky, Plaintiffs, vs. Samuel Rabinowitch & Fannie Rabinowitch, Defendants, No. 339325.

"Mary D. Wallace and Gavin W. Craig agree that in the event that they receive any sums of money and/or property which is converted into money by reason of the settlement and/or levying of execution of said action No. 339325, that they will apply said sums toward the payment of the purchase price of the above described property of Twenty-two Thousand and no/100 ($22,000.00) Dollars.

Defendant contended in defense, (a) that there was no consideration for the notes passing from Woodruff to Craig and that plaintiffs had notice of such defect; (b) that there was no consideration for the Woodruff notes, nor for the notes from Craig and Wallace, passing from plaintiffs to Craig and Wallace, because a grant deed executed to a blank grantee is no deed, and because the substitution of parties plaintiff and substitution of attorneys, as provided for in the escrow

agreement, was not delivered to Craig. The evidence in this connection showed that in December of 1932, plaintiffs filed an involuntary petition in bankruptcy against Rabinowitch, in which they averred they were the owners of and holders of the Rabinowitch note.

The record, however, contains plentiful evidence to establish as facts that the escrow in question was completed within a week after it was started on or about May 27, 1932, and that the deed to the apartment house was delivered to Craig; further, that the substitution of parties plaintiff and attorneys was ready for Craig at any time he desired to accept it, as well as the Rabinowitch note. It appears that Craig did not take delivery of the Rabinowitch note, instructing plaintiff's attorney to attempt collection and apply the proceeds of such demand to the payment of the Woodruff and other notes delivered to the plaintiffs; and that the involuntary petition in bankruptcy filed against Rabinowitch by and in the name of plaintiffs was filed pursuant to the instructions of Craig. The record also shows that before the Tumanskys would accept the Woodruff notes they instructed their attorney to interview Woodruff as to the validity of his notes. This interview, the testimony showed, was had in the presence of Craig, Woodruff, Sherman, who was plaintiffs' attorney, and one Weinblatt, and the testimony showed that Woodruff admitted he gave his notes for valuable consideration and had no defenses thereto. It afterward developed that the valuable consideration received by Woodruff for his note to Craig, were Craig's notes in an equivalent amount. There is nothing to contradict this except a stipulation that Woodruff, who did not appear at the trial, would, if he did appear, testify that he received no consideration for his notes. It is significant, however, that the stipulation did not go so far as to declare that Woodruff would testify that he did not admit that there was consideration for his notes, and that he had no defenses thereto, at the time of the interview mentioned. The only intimation in the record, other than the stipulation referred to, that there was no consideration and that plaintiffs had notice of such fact, is the averment in Weinblatt's affidavit in support of a motion for new trial, that he had told plaintiffs prior to the time they accepted the Woodruff notes, that there was no consideration therefor. Weinblatt

did not testify at the trial, and the averments of the affidavit are not evidence.

The trial court, on this testimony, found as a fact that there was consideration for the Woodruff notes, and, so far as this court is concerned, that finding is conclusive. (Code Civ. Proc., sec. 1962, subd. 3; 10 Cal. Jur., sec. 15, pp. 628-631.) It is well settled that note for note is valuable consideration. (*Ramish, Inc.,* v. *Woodruff*, 2 Cal. (2d) 190, 206 [40 Pac. (2d) 509, 96 A. L. R. 1146]; *Ambrose* v. *Hammond Lumber Co.*, 43 Cal. App. 597 [185 Pac. 691].)

We are satisfied that there was consideration from Craig to Woodruff in the apartment house transaction. Generally speaking, a deed executed in blank as to the grantee is void and passes no title. (*Trout* v. *Taylor*, 220 Cal. 652 [32 Pac. (2d) 968].) The evidence in this case shows that the deed was delivered in blank to the escrow holder and by him delivered in blank to Craig. The escrow instructions, however, *specifically gave authority* to the escrow agent to insert the name of the grantee. This fact takes the instant case out of the rule enunciated by *Trout* v. *Taylor, supra,* and the line of cases that it follows. The escrow instructions were specific, and why the escrow agent did not insert the name of a grantee does not appear. It is fair to assume that a grantee's name was not inserted because the grantees had not made up their minds how, or in whose name, they desired to take the property. The escrow instructions, it will be recalled, specifically provided that the named grantees would take the deeds in their own names or in the name of their nominee. We believe that, since they accepted the deed in its blank form, they received authority from the escrow agent to insert the name of the grantee, and that the escrow agent had the power to delegate this authority. (Civ. Code, sec. 2349.) Further, the conditions of the escrow having been fulfilled, the escrow agent actually held the note as a trustee for Craig and Wallace. (*Law* v. *Title Guarantee & Trust Co.*, 91 Cal. App. 621, 627-630 [267 Pac. 565].) Under such circumstances the escrow holder may at any time insert the name of a grantee upon proper instructions from Craig and Wallace.

The trial court made adequate findings on all the issues; the evidence supports these findings, and we find no error in the record.

The judgment is affirmed, and the appeal from the order denying motion for new trial is dismissed, no appeal being authorized by law from such an order.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1936.