[Civ. No. 12240.   Second Appellate District, Division One.—January 23, 1941.]

EMIL FERNHOLTZ, Appellant; v. ROY A. BISBEE, Respondent.

F. M. Ostrander for Appellant.

Sigurd E. Murphy and Bernard E. Allard for Respondent.

WHITE, J.—This litigation is the outgrowth of an automobile accident which occurred about 8:20 o'clock on the morning of December 28, 1936, at a point about one and one-half miles south of Gorman on the "Ridge Route" highway between Los Angeles and Bakersfield. Plaintiff, Emil Fernholtz, who is the appellant herein, was riding as a guest in an automobile being driven by Fred Hughes, hereinafter referred to as the Hughes car, and which was traveling in a northerly direction. The highway at the point of collision was covered with ice, and shortly before reaching the point of impact the Hughes car in which appellant was riding skidded, and an automobile driven by the defendant and respondent, Roy A. Bisbee, hereinafter referred to as the Bisbee car, struck the Hughes car. Hughes, driver of the automobile in which appellant was riding, commenced an action to recover damages for personal injuries and property damage against the defendant and respondent Bisbee, which action was No. 416664 in the Superior Court of Los Angeles County. In this action defendant Bisbee filed an answer and also a cross-complaint seeking recovery for personal injuries and property damage sustained by him. Plaintiff and appellant in the instant action filed his complaint in the same court, No. 415691, against defendant and respondent herein, Roy A. Bisbee, but did not name Hughes, the driver of the car in which appellant was riding, as a defendant.

Upon motion of defendant and cross-complainant Bisbee, and over objection of plaintiff and appellant herein, these actions were consolidated for trial by order of the superior court. Upon the trial of the cases so consolidated before a jury, three verdicts were returned: (1) In the case now before us a verdict was rendered in favor of defendant and respondent Bisbee and against plaintiff and appellant Fernholtz; (2) in the other action a verdict also was returned in favor of defendant Bisbee and against plaintiff Hughes on the complaint of the latter; while (3) on the cross-complaint therein of defendant Bisbee against plaintiff Hughes, the verdict was in favor of the cross-defendant Hughes and against the cross-complainant Bisbee.

There was no conflict in the evidence as to the icy, slippery and dangerous condition of the highway at the point of the

accident, nor was there any evidence of excessive speed by either automobile, but there was a sharp conflict as to the point on or lane of the highway where the accident occurred. Plaintiff contended that when the Hughes car started to skid it came to a complete stop in the center lane of the highway, and that there was sufficient room in the third lane for the Bisbee car to pass the Hughes car in safety without moving over on to the center lane. Defendant Bisbee presented evidence that when he came upon the slippery road he was traveling in second gear; that while so traveling, as he passed Gorman, he first saw the Hughes car when it was about a half mile away; that he was traveling upon the right hand side of the road in second gear upon an icy and slippery pavement, going between twenty and twenty-five miles per hour; that when he was about two or three car lengths from the Hughes car the latter skidded over on to the lane in which the Bisbee car was traveling; that when the impact occurred the Hughes car was still in motion. Thus we see, as conceded by appellant, that the factual situation presents the usual conflict in the evidence attendant upon cases of this nature.

The only point presented by appellant is that the trial court erred in giving certain instructions which it is claimed imputed the negligence of the driver of the Hughes car to the guest, Fernholtz, who is the appellant herein. By the first challenged instruction, which is designated "Defendant's Instruction No. 3", the jury was advised that it was incumbent upon plaintiffs to prove that defendant Bisbee was negligent and also to prove that such negligence, if any, on the part of the defendant was the proximate cause of the accident, and "even then plaintiffs cannot recover if you find from a preponderance of the evidence that the plaintiffs were themselves negligent, and that such negligence on their part contributed proximately, no matter how slightly, to the happening of the accident". In defendant's instruction No. 5 the court, after defining the term negligence, proceeded to advise the jury that "before the defendant Bisbee can be held liable in this case, it is necessary that the plaintiffs show by a preponderance of the evidence that the defendant failed to use ordinary care or skill in the operation and management of his automobile; that is, plaintiffs must show that the defendant failed to do some act which a reasonable and prudent person would have done, or that he did some act which a

reasonable and prudent person would not have done; *and even then you cannot find for plaintiffs, if you find that the plaintiffs were negligent, contributing proximately, no matter how slightly, to the happening of the accident".* In another instruction the jury was advised, "If you find that the defendant was negligent, proximately causing the accident, then you will determine whether or not the plaintiffs were negligent, and if you find that they were negligent and that their negligence proximately contributed to the accident and to the injuries, if any, then plaintiffs cannot recover, and your verdict must be in favor of the defendant. . . . "

It is appellant's contention that the above-quoted instructions took from him his right to have the case tried on the theory of joint or concurrent negligence of defendant Bisbee and Hughes; that each of these instructions advised the jury that if Hughes was negligent and his negligence contributed in the slightest degree to the accident, then appellant could not recover. In these contentions appellant cannot be upheld, because the theory of joint or concurrent negligence of defendant Bisbee and co-plaintiff Hughes was clearly and correctly set forth in other instructions given by the court. For instance, by appellant's instruction No. 14 the jury was admonished that if it found that appellant was a passenger or guest in the automobile of Hughes and if it found that appellant was not guilty of contributory negligence, that in order to recover from defendant Bisbee it was not necessary that Hughes should be free from negligence. Said the court: "In other words, if you find that plaintiff Fernholtz was a passenger or guest in the Hughes car and was not guilty of contributory negligence and if plaintiff Fernholtz sustained any injuries or damages by reason of the collision between the Hughes car and the Bisbee car, plaintiff Fernholtz is entitled to a verdict in his favor against defendant Bisbee if you should find that Bisbee was operating his automobile in a negligent manner, *even though you should find that Hughes was also negligent at and immediately prior to the time of the collision.*"

Again, in an instruction offered by appellant, the court stated to the jury: "You are instructed that if you find that plaintiff Fernholtz was a passenger or guest in the car of plaintiff Hughes, and if you further find that both Bisbee and Hughes were negligent in the operation of their respec-

tive cars and if you further find that plaintiff Fernholtz was not guilty of contributory negligence, the *joint negligence* of Bisbee and Hughes would, if it contributed proximately to the injuries, if any, sustained by plaintiff Fernholtz, render defendant Bisbee liable to Fernholtz and Bisbee's liability would not be lessened, as far as Fernholtz is concerned, by the fact that the negligence of Hughes was a contributing cause to the injuries, if any, sustained by Fernholtz.''

By the first of the two instructions last referred to the jury was advised in plain, certain and unequivocal language that the negligence of Hughes could not be imputed to plaintiff Fernholtz, and by the latter instruction it was clearly admonished that if it found that both Bisbee and Hughes were negligent in the operation of their respective cars and that if plaintiff was without contributory negligence, Bisbee would be liable to plaintiff, and that such liability would not be lessened by the fact that the negligence of Hughes, if any, also contributed to plaintiff's injuries.

In still another instruction the court further advised the jury that if it found that appellant Fernholtz was not guilty of contributory negligence, that ''the joint negligence of Bisbee and Hughes would, if it contributed proximately to the injuries, if any, sustained by plaintiff Fernholtz, render defendant Bisbee liable to Fernholtz and any negligence on the part of Hughes cannot be imputed to or charged against plaintiff Fernholtz''. By the last-quoted instruction the court not only emphasized the rule that if the jury found both Bisbee and Hughes were negligent in the operation of their respective cars, that their joint negligence, if it contributed proximately to the injuries sustained by appellant, would entitle the latter to a verdict against Bisbee, but such instruction also clearly told the jury that any negligence on the part of Hughes could not be imputed to or charged against appellant.

The court also instructed the jury that there were two separate lawsuits being tried by them, one of which was the case of *Fernholtz* v. *Bisbee,* which suit, the court advised the jury, was separate and distinct from the other lawsuit in which Hughes was suing Bisbee, and in which defendant Bisbee filed a cross-complaint against plaintiff Hughes. The jury was advised that the two lawsuits were joined or consolidated by order of the presiding judge ''only for the pur-

pose of trial, and as a matter of economy and convenience". After defining the reciprocal obligations imposed by law upon the respective drivers of the automobiles in question, the court again cautioned the jury: "But you are instructed that your determination and decision on the question of negligence or contributory negligence as between Hughes and Bisbee cannot affect the companion case known as *Fernholtz* vs. *Bisbee.*"

Other and additional instructions were given in connection with the principles of law just enunciated, and we cannot see how the jury could have been misled or confused, so far as the rights of appellant were concerned. The rules of law applicable to his status as a guest in the Hughes car were clearly and correctly presented to the jury. Both the number and the clarity of the instructions affecting appellant lead us to the conclusion that he suffered no prejudice to his substantial rights.

From a review of the testimony introduced at the trial, coupled with the fact that the jury returned a verdict against plaintiff Hughes on his complaint and a verdict against appellant on his, together with a verdict against Bisbee on the latter's cross-complaint against Hughes, driver of the car in which appellant was riding, it seems only reasonable to conclude that the jury found from the evidence, as it was warranted in doing, that the accident was unavoidable and happened without any negligence on the part of either plaintiff Hughes or defendant Bisbee, and that consequently appellant, who was a guest in the former's car, was not entitled to recover because of the absence of negligence on the part of defendant Bisbee, against whom appellant's complaint was directed.

The attempted appeal from the verdict is dismissed, and for the reasons herein stated the judgment is affirmed.

York, P. J., and Doran, J., concurred.