[Civ. No. 6808. Third Dist. Mar. 2, 1944.]

MILDRED DOLINAR et al., Respondents, v. FRED PEDONE et al., Appellants.

Gerald M. Desmond, Gerald B. Wallace and Van Dyke & Harris for Appellants.

Leo M. Fitzwilliam and Henry & Bedeau for Respondents.

PEEK, J.—This is an appeal by the defendants from a judgment based upon a verdict of the jury in favor of plaintiffs in a personal injury action arising out of an automobile accident.

The accident occurred shortly after 6 o'clock on the evening of December 7, 1940, at a point approximately twenty-eight miles west of the city of Placerville on U. S. Highway 50. The defendant Bowman was an employee of the defendant Universal Film Exchange, Inc., and was driving his own car on his employer's business from Placerville to Carson City, Nevada. His testimony shows that he had stopped his car to assist two young women whose car had gone over the embankment, and being fearful of his car likewise going off the road if he parked on the right side of the highway,

he drove to the left side and parked his car against the embankment, leaving the headlights burning on the low beam. He so parked his car that approximately one-half of its width extended on to the paved portion of the highway. The highway at the designated point was of concrete construction with a white line extending along the center and with shoulders of decomposed granite. While he was assisting one of the women out of the car, an automobile owned and operated by one Coleman skidded on the icy pavement and crashed into his parked car. The Coleman car came to rest immediately in front of the Bowman auto and at right angles to the highway so that the car extended across the northerly half thereof with the rear end a short distance over the center white line. While Bowman was conversing with the plaintiff Frank Dolinar, an occupant of the Coleman car, they noticed defendant. Pedone's car approaching at what was testified to have been between 300 to 700 feet away. Bowman and Dolinar ran toward the oncoming Pedone car, signaling and shouting in an unsuccessful attempt to stop it. They testified that Pedone apparently did not see them and passed at a speed which they estimated to have been 55 or 60 miles an hour. The Pedone car collided with the Coleman car, causing injuries to the plaintiff Mildred Dolinar and her infant son, Norman Dolinar, whom she was holding in her arms, and fatally injuring Coleman.

At the conclusion of the trial the jury returned a verdict against all of the defendants. A stipulation limited the judgment against the defendant Fred Pedone in accordance with the provisions of section 402 of the Vehicle Code, and judgment was entered accordingly. Motions for judgment notwithstanding the verdict on behalf of the Universal Film Exchange, Inc. and motions for a new trial by all of the defendants were denied by the trial court.

The sole contention of the defendants Fred Pedone and Joseph Pedone is that the judgment should be reversed as to them in that the evidence of negligence on the part of defendant Joseph Pedone, the driver of the car, is insufficient as a matter of law to support the verdict and judgment against them. In support of said contention they maintain that the testimony of plaintiff Frank Dolinar and defendant Bowman as to the speed of their car, which was denied by the five occupants of their car, was insufficient to support

the finding of negligence; that the accident was unavoidable as there were no visible lights; that when they first saw the wreck at a distance of from 40 to 100 feet the brakes were applied in an effort to avoid the accident but that the car skidded and crashed into the Coleman car, and that skidding of itself does not constitute negligence.

The effect of the contentions made by the defendants Pedone would be to have this court reject completely the testimony of Bowman and Dolinar as regards the speed of the Pedone car or hold, as a matter of law, that such speed did not constitute negligence under the circumstances in that it was not apparent that the highway at the point where the accident occurred was icy and slippery.

In each of the cases cited by them (*Comstock* v. *Morse*, 107 Cal.App. 71 [290 P. 108] and *Fernholtz* v. *Bisbee*, 42 Cal.App.2d 579 [109 P.2d 371]) the reviewing court adhered to the well established rule of affirming the judgment of the trial court where there was a conflict in the evidence. In the Comstock case, an automobile overturned on a slippery highway injuring a guest. Complaint was made on appeal of certain instructions and of insufficiency of the evidence. In affirming judgment for the defendant the court stated: " . . . the facts and circumstances surrounding the accident are such that reasonable minds might differ as to whether or not respondent was guilty of negligence, and in such a case a reviewing court is not permitted to substitute its deductions for those of the jury and the trial court." In the second case, which factually is somewhat similar to the present one, an accident occurred when one car skidded on an icy pavement and crashed into another. There was no evidence of excessive speed of either automobile but there was a conflict as to the lane of the highway where the accident occurred. The court remarked: "It seems only reasonable to conclude that the jury found from the evidence, as it was warranted in doing, that the accident was unavoidable and happened without any negligence on the part of either plaintiff . . . or defendant. . . ."

If the question here presented involved only the skidding of the Pedone car a situation comparable to that in the Fernholtz case would be presented. However, additional evidence was introduced which presented a further and conflicting question—that of speed. Therefore, under the principle

expressed in both of the cited cases, whether or not Joseph Pedone was negligent in the operation of the car was a question of fact for the determination of the jury.

When, as in the present case, a judgment is attacked as being unsupported, the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689]), and when two or more inferences can be reasonably deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183]), or if there be any reasonable doubt as to the sufficiency of the evidence to sustain a judgment appellate courts should resolve that doubt in favor of the judgment. (*Estate of Bristol, supra.*) Under such view of the law we cannot hold that the verdict of the jury is unsupported, and the judgment against the defendants Joseph Pedone and Fred Pedone must be affirmed.

The defendants Universal Film Exchange, Inc. and Bowman attack the judgment on the grounds that the implied finding of the jury that (1) Bowman was acting within the course and scope of his employment with the corporation is not sustained by the evidence; (2) that as a matter of law it could not be held liable on the ground of *respondeat superior* as all of the evidence establishes the fact that at the time of the accident the defendant Bowman had deviated from the business of the corporation and was not at that time acting within the scope of his employment, and (3) that if the question of whether he was or was not acting within the scope of his employment is considered as constituting a question of fact for determination by the jury, then the action of the trial court in admitting in evidence certain pleadings in another cause then pending in another county was prejudicial to the defendant Universal Film Exchange, Inc. and to the defendant Bowman.

The corporate defendant and Bowman both admit that he was pursuing the business of his employer up to the moment he stopped his car at the request of the injured woman. Their first question therefore resolves itself into a determination of whether, since the stopping in itself did not constitute an abandonment of his employer's business, could his motive in so doing be superimposed upon the park-

ing so as to render it such a departure from the business of his employer as to render his act without the scope of his employment.

■ Obviously Bowman's voluntary act in going to the assistance of the two women, commendable as it was, could not be held to have been within the scope of his employment. "The act of the servant must be connected directly or indirectly with the business of the employer and be in furtherance of the object for which the servant was employed." (*Kish* v. *California State Automobile Assn.,* 190 Cal. 246 [212 P. 27].)

The ultimate result then of the first contention made by the defendant Universal Film Exchange, Inc. would be to have this court draw an overly fine distinction between the act of stopping and the act of parking his car (see *Ryan* v. *Farrell,* 208 Cal. 200 [280 P. 945]) preparatory to the doing of an act of mercy for a third person, and to hold as a matter of law that because the act of mercy itself was not within the scope of his employment, that likewise the act of parking would be outside of the employment. With such contention we cannot agree. ■ In some cases the deviation may be so marked and in others so slight that the court may properly say that no conclusion other than that the act was or was not such a departure may be sustained. But mere deviation by an employee from a strict course of duty does not release the master from liability. In order to have such an effect the deviation must be shown substantially to amount to an entire departure. ■ The act of Bowman in parking his car along the highway was not such an act as would take him outside of his employment as a matter of law (*Gammon* v. *Wales,* 115 Cal.App. 133 [300 P. 988]) nor was it such an act as might not have been reasonably expected of a traveling salesman driving long distances on his employer's business, and to which therefore the master's assent may be fairly assumed. (*Kruse* v. *White Bros.,* 81 Cal. App. 86 [253 P. 178].) ■ Whether a deviation is so material or substantial as to constitute a complete departure is usually a question of fact. (*Kruse* v. *White Bros., supra; Westberg* v. *Willde,* 14 Cal.2d 360 [94 P.2d 590].) Here as in the case of *Loper* v. *Morrison,* 23 Cal.2d 600 [145 P.2d 1], all of the relevant facts and circumstances were properly presented to the jury to be weighed in relation to one another.

As regards the third question raised by the Universal Film Exchange, Inc., it appears that that the trial court, over the objection of Bowman and the Film Exchange, allowed the plaintiff to introduce in evidence the answer of defendants filed in another case arising out of the same accident, which action was then pending in the Superior Court in and for the City and County of San Francisco. The answer of the defendant corporation in the pleadings so introduced did not deny the allegations of the complaint therein, which alleged that Bowman at the time of the accident was acting within the scope of his employment.

In support of their contention regarding this point it is argued that although the failure to deny the allegation of agency could be considered as an admission in that proceeding such answer could not be considered, nor could it bind them, in a subsequent action; that the answer was not verified by an officer of the corporation but was verified by their attorney in that action; that no authority was shown for such verification, and that without a showing that the defendants knew of such admission in said answer it was not admissible as such in the present proceeding.

As authority for their argument the case of *Davis* v. *Robinson*, 50 Cal.App.2d 700 [123 P.2d 894] is cited as being directly in point. With this we cannot agree. Such case involved an oral stipulation not made in accordance with section 283 of the Code of Civil Procedure. Here we are presented with a question involving an answer' filed in a prior action which answer failed to deny a direct allegation of agency on the part of Bowman.

It may be stated as a general rule that a pleading containing an admission is admissible against the pleader in a proceeding subsequent to the one in which the pleading is filed. (*Kamm* v. *Bank of California*, 74 Cal. 191 [15 P. 765]; *Estate of McCarthy*, 127 Cal.App. 80 [15 P.2d 223]; *Tieman* v. *Red Top Cab Co.*, 117 Cal.App. 40 [3 P.2d 381]; *Mellor* v. *Rideout*, 83 Cal.App. 621 [257 P. 173].) This is true even on behalf of a stranger to the former action. (*Duff* v. *Duff*, 71 Cal. 513 [12 P. 570].)

When a pleading is verified by counsel and the client allows it to remain as a pleading in the case so that it contains a solemn admission of record, it should be presumed that the allegations contained therein were inserted by his

authority and hence admissible against him in other actions. Particularly would this rule seem to be proper under our modern system of pleading in which technical forms are abolished and pleadings are required but to state the facts. No longer is there any reason for considering the allegations of a pleading as the mere suggestion of counsel as did some of the earlier cases wherein the courts adhered to the old rules of pleading which were so involved and so technical that they could not be said to be the statements of the parties in whose behalf they had been drawn and filed. Under the rule herein enunciated it is always competent for the party against whom the pleading is offered to show that the statements were inadvertently made or were not authorized by him or made under a mistake of fact. Whether such explanation weakens or destroys the force of the statement contained in the pleading, is a proper question for the court or jury, but it only affects the weight, not the admissibility of such pleading in evidence. That California has followed this principle is evidenced by the early case of *Coward* v. *Clanton*, 79 Cal. 23 [21 P. 359], wherein it is stated: ''It should be presumed, where the pleading is filed by the attorney of the party, that such attorney was acting within his authority, and that the pleading should be regarded as the admission of the party, subject to his right to show that, as a matter of fact, the pleading was not authorized by him.'' (*Kamm* v. *Bank of California, supra.*)

We can see no valid reason why there should be any distinction with reference to the admissibility of pleadings as admissions whether filed by attorneys for an individual or for a corporation.

In the case of *Western Oil Fields Corp.* v. *Nowlin* (Tex. Civ. App.), 288 S.W. 554, a case not wholly unlike the one now before this court, it was contended that the pleadings filed by an attorney in a previous suit could not be used as admissions against a corporation because a corporation could only act through its regularly constituted officers. The court, in its opinion, stated: ''Attorneys are both agents and attorneys for their clients in the matters in which they are employed, and are presumed to obtain the information contained in the pleadings filed by them from their clients.''

The sole objection by appellant to the admission of the answer in the trial court was that it was ''not binding upon the defendant Bowman in this case, also on the defen-

dant Universal Film Exchange, Inc." No evidence was offered by appellants to rebut the implied admission of the agency of the defendant Bowman by its answer in the other action then pending nor that such admission was not authorized, that it was a mistake, or that it was inadvertently made. Immediately after the introduction of the pleadings in question the parties rested and the case was submitted to the jury. Upon defendants' motion for a new trial affidavits were filed showing that the answer in question was in error and that it was to be amended so as to deny the allegations of agency on the part of the defendant Bowman. In the case of *Mellor* v. *Rideout, supra,* the court held ". . . if the first action has not been brought to trial and it is within the power of the pleader to destroy the effect of the admission as evidence by amending his pleading, the admission is not ordinarily entitled to overwhelming weight"; but as we have stated, the right of appellant to destroy or weaken the force of such admission could go only to the weight of the proffered evidence, not as to its admissibility. Therefore the admission by the trial court of such pleadings was proper and did not constitute prejudicial error as contended by appellants.

The judgment appealed from is affirmed.

Thompson, J., and Adams, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 27, 1944. Traynor, J., and Schauer, J., voted for a hearing.