WHITTLESEA BLUE CAB COMPANY AND RESERVE INSURANCE COMPANY, Appellants, *v.* LORENE McINTOSH, Respondent.

No. 6061

July 15, 1970 472 P.2d 356

*Alex. A. Garroway,* of Reno, for Appellants.

*Echeverria and Osborne,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal in a personal injury action from a jury verdict and judgment awarding damages of $35,000 to respondent (plaintiff below). We reverse that judgment and remand the action for a new trial.

On December 26, 1965, respondent, Lorene McIntosh, was a passenger in a Whittlesea taxicab proceeding north on South Virginia Street in Reno. The taxi stopped for a traffic light at the intersection of South Virginia and Center Streets. The traffic light turned green, and as the taxi proceeded into the intersection it was struck from behind by another automobile. The taxi driver proceeded through the intersection, pulled over to the curb and stopped. The police responded but made no investigation, believing no one was injured nor damage done to either vehicle. The name of the other driver was not obtained by anyone. Nevertheless, Lorene McIntosh was taken to the hospital by the taxi driver, where she was treated for an injury to her neck.

On May 20, 1966, respondent, through counsel, commenced an action, Case No. 228925, against appellants, alleging that her injuries had resulted from the rear-end collision and that appellant Whittlesea was negligent in not obtaining the name of the other driver who struck the taxi from behind. When that action came on for trial, it was dismissed on motion of respondent's own counsel after respondent testified she sustained the injuries to her neck when, following the accident, the taxi driver swerved over to the curb and stopped abruptly. The present action, Case No. 241566, was thereafter commenced, in which respondent as plaintiff below alleged through the same counsel that she was injured as a result of the negligent operation of the taxi by appellant Whittlesea's employee.

At the commencement of trial in Case No. 241566, counsel for respondent, in his opening statement to the jury, alluded to the first action, Case No. 228925.[1] Counsel for appellants

[1]Counsel for respondent (Mr. Coffin), in his opening statement to the jury, said: "There is one point of confusion that we want to clear up, because Mr. Garroway has alluded to it and that will be that there was a mistake, a lawyer's mistake in the original pleading of this case, and it will not be a part of the evidence that we produce here. The

responded in his opening statement to the jury and indicated he would prove to them that Lorene McIntosh commenced the first action on a totally different theory of negligence.

During the trial of Case No. 241566, appellants' counsel sought to introduce in evidence pleadings and other preliminary documents on file in Case No. 228925, the first action between the parties which was dismissed, to impeach respondent's testimony as to how her injuries occurred. Upon objection of respondent, the lower court refused to admit that documentary evidence. Appellants' counsel made a detailed offer of proof of that evidence, identifying the documents and where in the record of Case No. 228925 they could be found. Appellants did not, however, present certified or true copies of the documents to be marked for identification.

During closing argument to the jury, counsel for respondent again alluded to Case No. 228925 and spoke of the filing of that action as "a lawyer's mistake." The jury returned a verdict in favor of Lorene McIntosh in Case No. 241566 and fixed her damages at $35,000. A judgment, from which this appeal is taken, was entered in accordance with the verdict.

During pendency of the appeal, appellants moved to supplement the record on appeal by addition of the pleadings and documents from Case No. 228925 excluded from evidence by the court during trial of Case No. 241566. Respondent's counsel opposed the motion. We ordered that motion to be taken under advisement but ordered the record on appeal supplemented by the excluded documents to aid us in our decision on the motion.

We grant the motion to supplement the record on appeal. Counsel for appellants made an offer of proof at trial sufficient under the circumstances. We reverse the judgment, and remand the action (Case No. 241566) for a new trial.

 ██

1. The general rule is "that a pleading containing an admission is admissible against the pleader in a proceeding subsequent to the one in which the pleading is filed." Dolinar v. Pedone, 146 P.2d 237, 241 (Cal.Dist.Ct.App. 1944). This is so even if it is not verified by the client, if he allows

---

lawyer was mistaken, as the policemen were mistaken, that the real accident was that little tap. It was not. The evidence that we will produce will prove to you, I think, that the accident that caused her injuries was that sudden swerving and jamming on the brakes and I expect that at the conclusion of the case, you people will see that justice is done and render a verdict that will adequately compensate this lady for her disabilities and her expenses that she has suffered in the past and will continue to suffer in the future."

it to stand without amendment. *Id.* The California court went on to say, "[I]t is always competent for the party against whom the pleading is offered to show that the statements were inadvertently made or were not authorized by him or made under a mistake of fact. Whether such explanation weakens or destroys the force of the statement contained in the pleading, is a proper question for the court or jury, but it only affects the weight, not the admissibility of such pleading in evidence." *Id.* See also City of Pleasant Hill v. First Baptist Church, 82 Cal.Rptr. 1, 23–25 (Dist.Ct.App. 1969).

The federal rules of civil procedure are in accord. A complaint is admissible in another case even though the party did not sign the pleading, because under FRCP 11, the signature of the lawyer is all that is required. Frank R. Jelleff, Inc. v. Braden, 233 F.2d 671 (D.C.Cir. 1956). This case is the subject of an annotation on pleadings as evidence, 63 A.L.R. 2d 400 (1959).

2. Respondent suggests that even if it was error not to admit the documents from Case No. 228925, the error was not prejudicial. We disagree. The jury was told by respondent's counsel, both in opening statement and closing argument, about Case No. 228925 and sought to leave the strong impression with them that the filing of Case No. 228925 upon a totally different factual occurrence of negligence was lawyer's error and in no way attributable to or admissible against respondent. The pleadings and documents from the first case were clearly admissible in the second case. Though not binding upon respondent, she could attempt to explain them and the jury could attach such weight and credibility to them as they saw fit. We cannot presume to know what the jury may have done had they had this admissible evidence before them.

Other errors were urged by appellants but do not require our determination in light of our action above.

Reversed and remanded for new trial.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.